FILED IN CLERK'S OFFICE
U S D.C. - Atlanta

JAN 20 2012

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

-JEC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Chae Yi You and Chur K. Back )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JP Morgan Chase Bank, N.A & )<br>Federal National Mortgage Association )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.<br>1̶ 12·C̶V̶- 0202 |

## NOTICE OF REMOVAL

Defendants JPMorgan Chase Bank, N.A., (improperly identified as "JP Morgan Chase Bank, N.A") ("Chase") and Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendants state as follows:

## PROCEDURAL BACKGROUND AND PREREQUISITES

1. Plaintiffs commenced a civil action against Defendants on or about November 8, 2011, in the Superior Court of Gwinnett County, State of Georgia, Civil Action File No. 11A-11798-7 (the "State Court Action").

1

2. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Chase has never been served with the Complaint or Summons.

3. All documents filed in the State Court Action are attached hereto as Composite Exhibit A as required by 28 U.S.C. § 1446.

4. A removal notice and a copy of the instant Notice of Removal shall be filed with the Clerk of the Superior Court of Gwinnett County, State of Georgia, and shall be served on Plaintiffs. A true and correct copy of the removal notice filed with the Clerk of the Superior Court of Gwinnett County, State of Georgia is attached hereto as Exhibit B.

5. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in this Judicial District.

## DIVERSITY JURISDICTION

6. Removal of this action is proper under 28 U.S.C. § 1332 because the parties' citizenships are fully diverse and the amount in controversy for Plaintiffs' claim is more than $75,000 exclusive of interest and costs.

### *Complete Diversity of Citizenship*

7. Both at the time the Complaint was filed and at the time this Notice of Removal was filed, Plaintiffs have been citizens of the state of Georgia. (Compl. ¶ 3.)

8. Chase is a national banking association. A national banking association is considered a citizen of "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); 28 U.S.C. § 1348. Chase's articles of association indicate its main office is located in Columbus, Ohio. Accordingly, both at the time of the filing of the Complaint and at the filing of this Notice, Chase has been a citizen of the state of Ohio. *Farris v. JPMorgan Chase Bank, N.A.*, 09-CV-14094-DT, 2010 WL 420015 (E.D. Mich. Jan. 28, 2010).

9. Fannie Mae is a United States corporation chartered by an Act of Congress organized and existing under the Federal National Mortgage Association Charter Act, 12 U.S.C . § 1716, *et seq.* with its principal place of business located in the District of Columbia. Accordingly, Fannie Mae is a citizen of the District of Columbia. *See Pinela-Navarro v. BAC Home Loans Servicing LP*, EP-11-CV-131-PRM, 2011 WL 3666586 (W.D. Tex. July 29, 2011).

10. As shown by the foregoing, there exists complete diversity of citizenship between Plaintiffs and Defendants.

### *Amount in Controversy*

11. Plaintiffs seek declaratory relief as well as monetary damages, punitive damages, and attorney's fees stemming from the purportedly wrongful

3

foreclosure of real property located at 2840 Crescent Walk Lane, Suwanee, GA 30024 (the "Property"). (Compl. ¶¶ 28-31, 38, 39-40, 51-42.)

12. In their Complaint, Plaintiffs seek recovery of unspecified damages for a claim of wrongful foreclosure. (Compl. ¶ 38.) The measure of damages for a wrongful foreclosure claim is the difference between the fair market value at the foreclosure sale and the borrower's indebtedness. *Aetna Fin. Co. v. Culpepper*, 320 S.E.2d 228, 232 (Ga. App. 1984). In the instant case, it appears the measure of monetary damages sought by Plaintiffs for their claim for wrongful foreclosure is $61,500.00, the difference between the value of the property at the foreclosure sale ($124,300.00)[1] and the indebtedness on the Property ($185,800.00).[2]

13. Plaintiffs also seek punitive damages for Defendants' alleged "willful misconduct, malice, fraud, wantonness, [and] oppression," and wish to "punish the Defendants . . . to deter others who would otherwise engage in similar conduct." (Compl. ¶ 40.) Punitive damages are to be considered when determining the jurisdictional amount in controversy in diversity cases. *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010) (*citing Holley Equip Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

---

[1] A true and correct copy of the Deed Under Power, which states the sale amount of the Property at the August 2, 2011 foreclosure sale, is attached hereto as Exhibit C.
[2] A true and correct copy of the Security Deed, which states the loan amount, is attached hereto as Exhibit D.

4

14. Accordingly, the face of the Complaint, along with publicly available real property records, demonstrates the amount in controversy exceeds $75,000.[3]

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441. Accordingly, Defendants respectfully request this action proceed in this Court.

---

[3] Alternatively, when a plaintiff seeks declaratory relief, the amount in controversy is considered to be the value of the object of the litigation. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). Here, the object of the litigation is the Property; Plaintiffs seek a declaration that they are "the legal and equitable owners of the Property." (Compl. ¶ 31(ii).) As of the foreclosure sale on August 2, 2011, the fair market value of the Property is $124,300.00. (*See* Ex. C.) Accordingly, the amount in controversy exceeds $75,000.

5

Respectfully submitted this 20th day of January, 2012.

        WARGO & FRENCH LLP

        /s/ Julie C. Jared
        JULIE C. JARED
        Georgia Bar No. 801699
        jjared@wargofrench.com
        AMY L. HANNA
        Georgia Bar No. 509069
        ahanna@wargofrench.com
        999 Peachtree Street, N.E.
        26th Floor
        Atlanta, Georgia 30309
        (404) 853-1500
        (404) 853-1587 (facsimile)

*Counsel for Defendants*
*JPMorgan Chase Bank, N.A. and Federal*
*National Mortgage Association*

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 20th day of January, 2012.

*/s/ Julie C. Jared*
JULIE C. JARED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Chae Yi You and Chur K. Back ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| JP Morgan Chase Bank, N.A & ) | _____ |
| Federal National Mortgage Association ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day filed a true copy of the foregoing **NOTICE OF REMOVAL OF ACTION** in the United States District Court for the Northern District of Georgia and have served a true copy of same upon Plaintiffs, through their counsel, by United States mail, postage prepaid, addressed as follows:

> David C. Ates
> David Ates, P.C.
> 805 Peachtree Street, NE, #613
> Atlanta, GA 30308

This 20th day of January, 2012.

_____
JULIE C. JARED

8