Print Form

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

CHAE YI YOU and CHUR K. BACK

CIVIL ACTION
NUMBER 7 A  1 1 7 9 8  -7

PLAINTIFF

VS.

JP MORGAN CHASE BANK, N.A.

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

David C. Ates
DAVID ATES, P.C.
805 Peachtree Street, NE, #613
Atlanta, Georgia 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 8th day of November , 2011

Tom Lawler
Clerk of Superior Court

By: Danya B Mingo
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

COC SC-1 Revised 12-99

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK SUPERIOR COURT
COUNTY COUNTY, GA
2011 NOV -8 PM 2: 46
TOM LAWLER, CLERK

Chae Yi You and Chur K. Back

  Plaintiffs

v.

JP Morgan Chase Bank, N.A &
Federal National Mortgage Association,

Defendants

CASE NO.: A 1 1 7 9 8 -7

JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARTORY RELIEF, WRONGFUL FORECLOSURE, WRONGFUL EVICTION, PUNITIVE DAMAGES AND ATTORNEY'S FEES

COMES NOW, the Plaintiffs, Chae Yi You and Chur K. Beck, and file this

Complaint against the above named Defendants, showing the Court as follows:

### INTRODUCTION

1.

This action seeks redress for the wrongful foreclosure of the Plaintiffs'

property that was conducted by Defendant JP Morgan Chase Bank, N.A. and the

wrongful eviction conducted by Federal National Mortgage Association.

## PROPERTY AND PARTIES THE DISPUTE

2.

The real property that is the subject of this Complaint is commonly known as 2840 Cresent Walk Lane, Suwanee, GA 30024. (hereinafter the "subject property")

3.

Plaintiffs Chae Yi You and Chur Back (hereinafter "Plaintiffs") are the legal and equitable owners of the real Property that is the subject of the dispute complained about herein and they are residents of Gwinnett County, Georgia.

4.

Defendant JP Morgan Chase Bank, NA was the entity that wrongfully foreclosed of the Plaintiff's subject property through a non-judicial foreclosure sale of the Plaintiff's home on or around August 2, 2011. The non-judicial foreclosure was conducted pursuant to a Notice of Foreclosure Advertisement wherein JP Morgan Chase Bank NA claimed to have been authorized to exercise the power of sale of the Plaintiff's property and that is was going to sell the Plaintiff' property at auction. It claimed that it was successor by merger to Chase Home Finance, LLC which it claimed was a successor by merger to Chase Manhattan Mortgage Corp, who Defendant JP Morgan Chase asserted has been assigned the security deed on the Plaintiffs' property from the original lender and grantee of the security deed,

Excel Home Loan, Inc.. However, as discussed below, JP Morgan Chase had no interest in the loan at issue or the property at issue because (1) it was not the owner or holder of the Plaintiff's promissory note and (2) there has never been a valid assignment of the security deed from Excel Home Loan, Inc to any other entity, and, even if there was, there has never been an assignment of the security deed to JP Morgan Chase Bank, NA. It is believed that at the time of foreclosure Federal National Mortgage Association held/owned the Plaintiff' loan/note. As for the security deed, JP Morgan Chase points to a purported assignment of the security deed from Excel Home Loans to Chase Manhattan Mortgage which it claims to be a third generation removed successor by merger as the basis upon which it claims to have been granted power of sale. However, there are two reasons why JP Morgan Chase Bank, NA's reliance upon the purported assignment from Excel to Chase Manhattan and its claimed successor by merger status as authorizing it to exercise the power of sale as to the Plaintiffs' property is misplaced. Those reasons are: (1) the purported assignment upon which Defendant relies is defective and actually conveyed nothing from Excel to Chase Manhattan because it is defective in that it failed to identify the security deed that was to be assigned from Excel to Chase Manhattan, and (2) there never was any assignment from either Excel or Chase Manhattan or Chase Home Finance to JP Morgan Chase Bank, NA and JP Morgan Chase Bank, NA was not a successor by merger to either Chase

Home Finance or Chase Manhattan. . JP Morgan Chase Bank NA may be served with a copy of the summons and complaint by delivering a copy of the summons and complaint to its registered agent for service of process.

5.

Defendant Federal National Mortgage Association (herein after "FNMA") is a foreign corporation authorized to do business within the State of Georgia. FNMA was aware of JP Morgan Chase Banks' actions in wrongfully foreclosing on the subject property and it knowingly accepted and recorded what it knew to be an invalid and void special warranty deed from JP Morgan Chase Bank, NA purporting to convey the subject property to FNMA. FNMA then wrongfully evicted the Plaintiffs from their property following what it knew was an improper, invalid, and wrongful foreclosure that was conducted in August of 2011. FNMA may be served with a copy of the summons and complaint by delivering a copy of the summons and complaint to FNMA's registered agent for service of process.

## JURISDICTION AND VENUE

6.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant to the Georgia Constitution and 15 U.S.C. § 1692k(d).

7.

Venue in this court is proper in that the named Plaintiffs reside within
Gwinnett County and the property that is the subject of this Complaint is located in
Gwinnett County.

## FACTUAL ALLEGATIONS

8.

On April 29, 2003 Plaintiffs obtained a residential mortgage loan through
Excel Home Loans. As part of the loan transaction Plaintiffs executed a
promissory note and a security deed.

9.

The Security Deed named Excel Home Loans as the Grantee of the Deed.

10.

The promissory note was executed in favor of Excel Home Loans. At some
presently unknown date subsequent to the Plaintiffs' execution of the note, it was
sold and/or transferred to a still unidentified entity (investor) who actually owns
the note and/or debt. Based upon the facts as discussed below, the Plaintiffs
believe that Defendant Federal National Mortgage Association was the
owner/holder of the promissory note/debt at the time of the foreclosure sale of the
Plaintiffs' property.

-5-

11.

By letter dated October 1, 2010 from a law firm that appeared to be representing Federal National Mortgage Association, the Plaintiffs, who had filed for bankruptcy, were notified that they might be eligible to a workout of the loan with Fannie Mae (i.e. Federal National Mortgage Association).

12.

In June of 2011 a series of letters were sent to the Plaintiffs wherein they were informed that their property was to be sold at a foreclosure auction on the first Tuesday of August 2011. The letters, which specifically purported to be the notice of foreclosure letter mandated by O.C.G.A. 44-14-162.2, identified JP Morgan Chase Bank, NA as the secured creditor.

13.

On or about August 2, 2011JP Morgan Chase Bank NA claims it held a non-judicial foreclosure sale of the plaintiffs' property on the Courthouse steps of the Gwinnett County Courthouse. JP Morgan executed a foreclosure deed (or Deed under Power) wherein it claims that it was the highest bidder at the foreclosure auction of the Plaintiffs' property and that it was acting as attorney in fact for the Plaintiffs and conveyed all of Plaintiffs' interests in the property to itself, JP Morgan Chase Bank, NA.

14.

JP Morgan Chase Bank NA was not the secured creditor with respect to the
loan or property at issue as of June, July or August of 2011.  First, as discussed
above, it was not the owner of the promissory note at the time of foreclosure.

15.

As for the security deed, JP Morgan Chase points to a purported assignment
of the security deed from Excel Home Loans to Chase Manhattan Mortgage, an
which it claims to be a third generation removed successor by merger, as the basis
upon which it claims to have been granted power of sale.

16.

However, there are two reasons why JP Morgan Chase Bank, NA's reliance
upon the purported assignment from Excel to Chase Manhattan and its claimed
successor by merger status as authorizing it to exercise the power of sale of the
Plaintiffs' property is misplaced.  Those reasons are: (1) the purported assignment
upon which Defendant relies is defective and actually conveyed nothing from
Excel to Chase Manhattan because it failed to identify the security deed that it was
attempting to assign from Excel to Chase Manhattan, and (2) there never was any
assignment from either Excel or Chase Manhattan or Chase Home Finance to JP

Morgan Chase Bank, NA and JP Morgan Chase Bank, NA was not a successor by

merger to either Chase Home Finance or Chase Manhattan.

17.

As such, the secured creditor with respect to the loan and property at issue

herein never sent the Plaintiff a notice that complied with the requirements of

O.C.G.A. 44-14-162.2.  O.C.G.A. § 44-14-162.2(a) states:

> (a) Notice of the initiation of proceedings to exercise a power of sale
> in a mortgage, security deed, or other lien contract shall be given
> to the debtor by the *secured creditor* [1] no later than 30 days
> before the date of the proposed foreclosure. Such notice shall be
> in writing, shall include the name, address, and telephone
> number of the individual or entity who shall have full authority
> to negotiate, amend, and modify all terms of the mortgage with
> the debtor, and shall be sent by registered or certified mail or
> statutory overnight delivery, return receipt requested, to the
> property address or to such other address as the debtor may
> designate by written notice to the secured creditor. The notice
> required by this Code section shall be deemed given on the
> official postmark day or day on which it is received for delivery
> by a commercial delivery firm. Nothing in this subsection shall
> be construed to require a secured creditor to negotiate, amend, or
> modify the terms of a mortgage instrument.

18.

Because of this the foreclosure is invalid under OCGA 44-14-162 which

declares that no sale of real estate under powers contained in mortgages, deeds, or

---

[1] The Legislature made clear in no uncertain terms the notice must come from the secured creditor, if the legislature wanted the notice to come from the servicer or an agent of the secured creditor they would have said so, notably, they did not. Wachovia receiving a bogus assignment of the Plaintiff's promissory note from MERS does not make Wachovia a secured creditor. Discovery will undoubtedly show Wachovia was nothing more than a straw man used to seize the home of the Plaintiff then to transfer t the property to Defendant PRM, the true owner, for no consideration whatsoever.

other lien contracts shall be valid... *unless notice of the sale shall have been given*

*as required by Code Section 44-14-162.2* (emphasis added).

19.

The Georgia Department of Banking and Finance [2] is especially

instructive on this point and states, *inter alia*:

> "On May 13, 2008 Governor Sonny Perdue signed into law Senate
> Bill 531. The bill increases the notice to a homeowner before a lender
> can foreclose. *SB 531 lengthens the notice period from 15 days to at*
> *least 30 days prior to the scheduled foreclosure sale.*
>
> SB 531 also requires that the certified letter giving the homeowner
> notice of the foreclosure sale include the name, address, and telephone
> number of the "individual or entity who shall have full authority to
> negotiate, amend, and modify all terms of the mortgage with the
> debtor." This provision of the bill is important because when
> homeowners are negotiating with their servicers, they often do not
> know what entity actually owns their loan. Sometimes a servicer will
> refuse to offer the homeowner a loan modification or other workout,
> claiming that they lack authority to do so. *If the homeowner wants to*
> *reach the company that ultimately has the authority to accept any*
> *workout agreement, or if the homeowner wants to pursue a legal*
> *claim related to their mortgage loan, he or she needs to know the*
> *identity of the current holder of the mortgage loan. This bill requires*
> *that identity to be disclosed* (emphasis supplied).
>
> Lastly, SB 531 requires that the current holder of the mortgage loan
> record the assignment of the security deed, which shows the present
> owner of the mortgage loan, in the public deed records before
> conducting the foreclosure sale.   The bill became law and was
> effective July 1, 2008."

---

[2] O.C.G.A. § 7-1-60.  General scope of supervision (Georgia Department of Banking and Finance)
Except where otherwise specifically provided, the department shall enforce and administer all laws of this state
relating to financial institutions and shall exercise general supervision over financial institutions in accord with the
underlying objectives of this chapter.

http://www.georgia.gov/00/article/0.2086,43414745_46389324_73902873.00.html

(last reviewed on January 14, 2011).

20.

Plaintiff did not receive the notice required to be sent pursuant to the Note and the security deed before the Plaintiffs' alleged debt was accelerated and the power of sale was exercised.

21.

Therefore, based on all the factual allegations stated above, the foreclosure sale of the Plaintiff' property must be declared invalid and void and the title reformed accordingly.

22.

On the same day that the foreclosure deed is purported to have been signed and executed, JP Morgan Chase Bank NA also claims to have prepared and executed a quitclaim deed purporting to transfer its rights. title and interests in the Plaintiffs' property to Federal National Mortgage Association, i.e. Fannie Mae. Because, pursuant to OCGA 44-4-162, the foreclosure sale is invalid as a matter of law, the quitclaim deed is invalid and transferred nothing from JP Morgan Chase Bank, NA to Fannie Mae.

23.

Federal National Mortgage Association was not an innocent third party purchaser for value as it was aware that JP Morgan Chase Bank was foreclosing on the Plaintiffs' property in contravention of Georgia Law.

24.

Nevertheless, Federal National Mortgage Association initiated dispossessory proceedings in the Magistrate Court of Gwinnett County in September of 2011 seeking the Plaintiffs' eviction from the property seeking to obtain for itself the right to possession of the property.

25.

On November 3, 2011 the Magistrate Court of Gwinnett County issued a writ of possession to Federal National Mortgage Association which was based upon Federal National Mortgage Association's representation that a Deed under Power which conveyed all of Plaintiffs' rights, title and interests in the property to JP Morgan Chase Bank NA and a special warranty deed or quit claim deed conveying the property to Federal National Mortgage Association from JP Morgan Chase Bank NA had been recorded on the land records of Gwinnett County.

26.

Federal National Mortgage Associations Actions wrongfully interfered with the Plaintiffs' rights to possession and use and enjoyment of the property and constitute a wrongful eviction.

27.

As a result of Defendant JP Morgan Chase Bank NA's actions and the

actions of Federal National Mortgage Association, the Plaintiffs have suffered

severe injuries and have been significantly damaged.  They have suffered severe

emotional distress and injury as a result of having had false and private information

published about them in a newspaper by Defendants who had not right or authority

to publish such information, they have suffered emotionally as well from the

wrongful foreclosure and wrongful eviction as entities with no authority or rights

to do so are claiming that the Plaintiffs rights, title and interests in their home have

been lost and that they are subject to being summarily evicted from the property at

any moment.  Defendants' actions have also cast a cloud on Plaintiffs' rights, title

and interests to the property.

## COUNT I

## DECLARATORY JUDGEMENT

28.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of

this Complaint, and incorporate the same herein by this specific reference as

though set forth herein in full.

29.

This claim is an action for Declaratory Judgment brought pursuant to the provisions of O.C.G.A. §§ 9-4-1 *et seq.*

30.

Disputes and controversies have arisen between Plaintiff and Defendants related to the Security Deed and the Promissory Note and Foreclosure Deed as stated above.

31.

Therefore Plaintiffs are entitled to an order declaring and decreeing:

(i)     That the foreclose deed is void and of no force or effect whatsoever;

(ii)    That the Plaintiffs are the legal and equitable owners of the Property.

## COUNT II
## WRONGFUL FORECLOSURE

32.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein, by this specific reference as though set forth herein in full.

33.

Pursuant to O.C.G.A. § 23-2-114 Powers of sale in deeds of trust, mortgages, and other instruments *shall be strictly construed and shall be fairly exercised.*

-14-

34.

The notice of the initiation of proceedings to exercise the power of sale was not sent by the secured creditor, as demanded by O.C.G.A. § 44-14-162.2(a). Thus, pursuant to OCGA 44-14-162 since no notice of foreclosure was sent incompliance with OCGA 44-14-162.2 the non-judicial foreclosure sale of the Plaintiffs' property conducted by JP Morgan Chase Bank, NA is invalid as a matter of law.

35.

Furthermore, as discussed above, JP Morgan Chase Bank NA had no interest in the security deed at the time of foreclosure because there has never been a valid assignment of the security deed from Excel to any other entity.

36.

As a direct and proximate result of the actions complained about herein, Defendant JP Morgan Chase Bank NA wrongfully foreclosed on the Plaintiffs' property and the foreclosure sale of the Plaintiffs' property is invalid and void as a matter of law and Plaintiffs are entitled, as a matter of law, to an Order of the Court invalidating the foreclosure sale and restoring title to the property to the Plaintiffs and/or Plaintiffs are entitled to equitable rescission of the foreclosure sale of the Plaintiffs' property and the Plaintiffs have been damaged and are entitled to an award of money damages to the extent of an amount to be determined at trial.

## COUNT III
## WRONGFUL EVICTION

### 37.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein, by this specific reference as though set forth herein in full.

### 38.

As a direct and proximate result of the actions complained about herein, Defendant Federal National Mortgage Association wrongfully obtained a writ of eviction and wrongfully evicted the Plaintiffs from their property. The Plaintiffs have been damaged by Federal National Mortgage Associations' actions and Plaintiffs are entitled to an award of money damages to the extent of an amount to be determined at trial.

## COUNT IV
## PUNITIVE DAMAGES

### 39.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

40.

By reason of the conduct alleged herein Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to consequences such that an award of punitive damages is warranted to punish the Defendants and to deter others who would otherwise engage in similar conduct.

## COUNT V
## ATTORNEY'S FEES

41.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

42.

By reason of the conduct alleged herein Defendants' actions show that they have been stubbornly litigious and have caused the Plaintiffs unnecessary trouble and expense thus entitling the Plaintiffs to an award of his attorney's fees and expenses associated with having to bring and maintain this action.

WHEREFORE, Plaintiffs demand a trial by jury and request that the Court award the following relief:

a. Declare the Plaintiffs the equitable owners of the Property and restore the
   title to the state in which it existed prior to the invalid foreclosure sale of the

-17-

property in August of 2011, declare the Deed under Power and Special Warranty Deed or Quit Claim Deeds discussed above void, invalid and order that they be stricken from the land records of Gwinnett County;

b. Award the Plaintiffs actual damages and statutory damages;

c. Award the Plaintiffs Punitive damages;

d. Award the Plaintiffs Attorneys' fees, litigation expenses and costs of suit;

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of November, 2011

David C. Ates
State Bar No. 026281

DAVID ATES, P.C.
805 Peachtree Str, NE, #613
Atlanta, Georgia 30308
(404)382-5324

*Original*

# General Civil Case Filing Information Form (Non-Domestic)

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

**Court**          **County** GWINNETT          **Date Filed**
☑ Superior                                                    MM-DD-YYYY **2011 NOV -8 PM 2:46**
☐ State          **Docket #**  11 A  11798

TOM LAWLER, CLERK

**Plaintiff(s)**
YOU, CHAE YI

| Last | First | Middle I. Suffix. Prefix | Maiden |
|------|-------|--------------------------|--------|

BACK, CHUR K.

| Last | First | Middle I. Suffix. Prefix | Maiden |
|------|-------|--------------------------|--------|

| Last | First | Middle I. Suffix. Prefix | Maiden |
|------|-------|--------------------------|--------|

| Last | First | Middle I. Suffix. Prefix | Maiden |
|------|-------|--------------------------|--------|

**No. of Plaintiffs** 2

**Plaintiff/Petitioner's Attorney**          ☐ Pro Se

ATES, DAVID C.

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 026281

**Defendant(s)**
JP MORGAN CHASE BANK, N.A.

| Last | First | Middle I. Suffix. Prefix | Maiden |
|------|-------|--------------------------|--------|

FEDERAL NATIONAL MORTGAGE ASSOC.

| Last | First | Middle I. Suffix. Prefix | Maiden |
|------|-------|--------------------------|--------|

| Last | First | Middle I. Suffix. Prefix | Maiden |
|------|-------|--------------------------|--------|

| Last | First | Middle I. Suffix. Prefix | Maiden |
|------|-------|--------------------------|--------|

**No. of Defendants** 2

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify _____

WRONGFUL FORECLOSURE

### If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No