IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHAE YI YOU and CHUR K. BAK,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Defendants.

CIVIL ACTION NO.

1:12-cv-202-JEC-AJB

## ORDER AND OPINION

This action is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [12] granting defendants' Motion to Dismiss [2]. Plaintiffs have not submitted any objections to the R&R. The Court has reviewed the record and the arguments of the parties and, for the foregoing reasons, **ACCEPTS** the Magistrate Judge's recommendations and **GRANTS** the motion [2] as to plaintiffs' request for declaratory relief and their claims for wrongful foreclosure and eviction based on allegations that: (1) the Security Deed at issue in the case is invalid, and (2) defendant JPMorgan Chase Bank, N.A. ("Chase") does not have an enforceable interest in the Deed.

As to the claims for wrongful foreclosure and eviction based on an argument that (1) Chase was not authorized to foreclose and (2)

did not provide adequate notice of foreclosure, the Court **DENIES** the motion [2] **without prejudice** and **STAYS** this action pending the Georgia Supreme Court's decision on the controlling questions of law certified to that court by separate Order.

## BACKGROUND

This case arises out of foreclosure proceedings instituted by defendant Chase against a residence located at 2840 Crescent Walk Lane, Suwanee, Georgia. (R&R [12] at 2.) Plaintiffs purchased the residence in 2003 with the proceeds of a mortgage loan obtained from Excel Home Loans ("Excel"). (*Id*.) To obtain this loan, plaintiffs executed a promissory note (the "Note") and a security deed (the "Deed") in favor of Excel. (*Id*.) Sometime thereafter, the Note was sold or transferred to an unidentified entity and the Deed was assigned to Chase's predecessor, Chase Manhattan Mortgage Corporation ("Chase Mortgage"). (*Id*. at 18-20.) Ultimately, Chase Mortgage merged into defendant Chase, which then held the security deed. *Infra* at 9.

Chase initiated foreclosure proceedings against the residence in 2011, after plaintiffs defaulted on their loan. (*Id*. at 3, 9.) Plaintiffs received notice from Chase in June, 2011 that the residence would be sold at a foreclosure auction on the first Tuesday in August, 2011. (R&R [12] at 3.) In accordance with the notice, Chase conducted a non-judicial foreclosure sale of the residence on

2

the steps of the Gwinnett County courthouse on August 2, 2011. (*Id.*) As the highest bidder at the sale, Chase executed a Deed Under Power conveying all of plaintiffs' interests in the residence to itself. (*Id.*)  Chase subsequently executed a quitclaim deed transferring its interests in the residence to defendant Federal National Mortgage Association ("Fannie Mae"). (*Id.* at 4.)

Pursuant to the quitclaim deed, Fannie Mae initiated dispossessory proceedings against plaintiffs in the Gwinnett County Magistrate Court. (*Id.*)  On November 3, 2011, the Magistrate Court issued a writ of possession to Fannie Mae. (R&R [12] at 4.)  Shortly thereafter, plaintiffs filed this action in Gwinnett County Superior Court asserting claims against Chase and Fannie Mae for declaratory relief, wrongful foreclosure, and wrongful eviction. (Compl. [1].)

Defendants filed a timely notice to remove the action to this Court on the ground of diversity jurisdiction. (Notice of Removal [1] at 2-5.)  Following removal, defendants moved to dismiss the action under Federal Rule 12(b)(6). (Defs.' Mot. to Dismiss [2].) Magistrate Judge Baverman issued an R&R recommending that the Court grant the motion. (R&R [12] at 9-26.)  Plaintiffs, who are represented by counsel, have not filed any objections to the R&R.[1]

---

[1]  Objections to the R&R were originally due on June 6, 2012. (Consent Order [14].)   Judge Baverman approved a consent order extending the deadline to June 20, 2012. (*Id.*)  Plaintiffs missed the extended deadline, and to this date have not filed any objections

AO 72A
(Rev.8/82)

## DISCUSSION

### I.   RULE 12(b)(6) STANDARD

The Magistrate Judge correctly set forth the standard applicable to a motion to dismiss under Rule 12(b)(6).  (*Id.* at 6-9.)  In deciding a motion to dismiss, the Court assumes that all of the allegations in the complaint are true and construes the facts in favor of the plaintiff.  *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010).  That said, in order to avoid dismissal a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is "facial[ly] plausib[le]" when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### II.  PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF

In Count I of their complaint, plaintiffs assert a claim for declaratory relief in the form of an order decreeing that the foreclosure deed is void and that plaintiffs "are the legal and equitable owners" of the residence.  (Compl. [1] at ¶ 31.)  Under Georgia law, a debtor who executes a security deed and defaults on a

---

or requested another extension.

loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan. *Taylor, Bean & Whitaker Mortg. Corp. v. Brown,* 276 Ga. 848, 850 (2003). *See also Hill v. Filsoof,* 274 Ga. App. 474, 475 (2005)("'Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due.'")(quoting *Coile v. Fin. Co. of Am.,* 221 Ga. 584, 585 (1965)). This is an application of the more general principle that "[h]e who would have equity must do equity." O.C.G.A. § 23-1-10.

Applying the above rule, the Court agrees with the Magistrate Judge that plaintiffs' claim for declaratory relief is not viable under Georgia law. Plaintiffs acknowledge that they executed the Deed as security for their mortgage loan. (Compl. [1] at ¶ 8.) It is undisputed that plaintiffs defaulted on the loan. (R&R [12] at 9.) Plaintiffs do not allege that they have made or tendered payment to bring the loan current. (*Id.* at 11 and Compl. [1].) Accordingly, plaintiffs are not entitled to an order declaring them to be the "legal and equitable owners" of the residence. Defendants' Motion to

Dismiss [2] is thus **GRANTED** as to the claim for declaratory relief asserted in Count I of the complaint.[2]

### III. <u>PLAINTIFFS' CLAIMS FOR WRONGFUL FORECLOSURE AND EVICTION</u>

In Counts II and III of the complaint, plaintiffs assert claims for wrongful foreclosure and eviction. (Compl. [1] at ¶¶ 32-38.) In support of these claims, plaintiffs argue that defendants were not authorized to conduct foreclosure or dispossessory proceedings because: (1) Excel's initial assignment of the Deed to Chase Mortgage was defective, (2) Chase never obtained a valid interest in the Deed, (3) Chase was not authorized to institute foreclosure proceedings because it did not have any interest in the loan at the time of the foreclosure, and (4) plaintiffs did not receive adequate notice of the foreclosure as required by O.C.G.A. § 44-14-162.2. (*Id.* at ¶¶ 16-20, 32-38.) The Magistrate Judge correctly rejected the first two arguments based on the relevant property records and merger documents.[3] (R&R [12] at 15-20.) As discussed below, the

---

[2] The Magistrate Judge concluded that all of plaintiffs' claims were barred by the failure to tender payment because the failure to pay, rather than any action by defendants, caused plaintiffs' injury. (R&R [12] at 11.) The Court agrees that causation will likely be an obstacle for plaintiffs on summary judgment, given their default. However, plaintiffs have sufficiently alleged causation to survive a motion to dismiss.

[3] Plaintiffs do not object to the Magistrate Judge's reliance on the property records and merger documents, which are both undisputed and central to the claims asserted in the complaint. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (a court may

remaining two arguments raise important and unsettled questions of state law that warrant certification under O.C.G.A. § 15-2-9.

**A.    Excel Validly Assigned The Deed To Chase Mortgage.**

Plaintiffs do not dispute that Excel assigned the Deed to Chase Mortgage immediately following the execution of the loan agreement on April 29, 2003.  (Compl. [1] at ¶ 16.)  However, plaintiffs argue that the assignment to Chase Mortgage is defective because it does not identify the book or page number where the Deed was recorded, the date the Deed was executed, or the property address.  (R&R [12] at 13.)  As a result of these deficiencies, plaintiffs argue that the assignment does not validly convey to Chase Mortgage a transferable power of sale.  (*Id.*)

The sufficiency of a property description in a deed is a question of law to be decided by the Court.  *Adams v. City of Ila,* 221 Ga. App. 372, 373 (1996).  Under Georgia law, the test for sufficiency is whether the deed discloses with adequate certainty the "intention of the grantor . . . with respect to the quantity and location of the land" conveyed by the deed.  *Swan Kang, Inc. v. Kang,* 243 Ga. App. 684, 688 (2000).  A description is deficient if it is

consider a document that is outside the four corners of the complaint if its authenticity is undisputed and it is "central to the plaintiff's claim") and *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (permitting consideration of documents attached to a motion to dismiss).

AO 72A
(Rev.8/82)

"so indefinite that no particular tract of land is pointed out." *Id.* But even a vague description will suffice if the deed furnishes a "key" to clarify any indefiniteness as to the land that is intended to be conveyed by the grantor. *Id.* *See also* O.C.G.A. § 44-5-33 ("If the deed is sufficient in itself to make known the transaction between the parties, no want of form will invalidate it.").

The Court agrees with the Magistrate Judge that the assignment from Excel to Chase Mortgage is sufficiently detailed to meet the above requirements. (R&R [12] at 16-17.) The assignment transfers to Chase Mortgage all of Excel's interests in "that certain Deed to Secure Debt executed by [plaintiffs] to Excel" and associated with the loan number 1686223862. (Assignment, attached to Defs.' Mot. to Dismiss [2] at Ex. B.) The assignment appears in the Gwinnett County Deed Book on the page immediately following the loan documents and the original Deed, which references the same loan number and provides a physical address and land lot number for the property. (Deed, attached to Defs.' Mot. to Dismiss [2] at Ex. A.) These documents and cross references provide sufficient "keys" to clarify Excel's intent to convey to Chase Mortgage the Deed to plaintiffs' residence.

Moreover, the assignment is specific as to the rights it purports to convey, including the power of sale. (Assignment [2].) Pursuant to the assignment, Chase Mortgage expressly acquired "the aforesaid Security Deed, the property described therein, the

8

indebtedness secured thereby together with all the power, options, privileges and immunities therein contained." (*Id.*) Among the privileges referenced in the Deed is the power of sale upon plaintiffs' default. (Deed [2].) Accordingly, the Court **GRANTS** defendants' Motion to Dismiss [2] as to any claims for wrongful foreclosure or eviction based on the argument that Excel's assignment of the Deed to Chase Mortgage is defective or that the assignment does not validly convey to Chase Mortgage a power of sale.

### B.   Chase Acquired The Deed As A Successor By Merger.

The real property records and merger documents further confirm that defendant Chase was the holder of the Deed at the time of the foreclosure. (R&R [12] at 18-20.) As discussed, Excel assigned its interest in the Deed to Chase Mortgage on April 29, 2003. (*Id.* at 19.) On January 1, 2005, Chase Mortgage merged with and into Chase Home Finance LLC ("Chase Home"). (*Id.*) Pursuant to the merger, Chase Mortgage ceased to exist as a separate entity and Chase Home acquired all rights in the Deed previously held by Chase Mortgage. (*Id.*) On May 1, 2011, Chase Home merged with and into defendant Chase. (*Id.*) Pursuant to the merger, Chase Home ceased to exist as a separate entity and Chase acquired all rights in the Deed previously held by Chase Home. (R&R [12] at 19.)

Plaintiffs do not dispute the authenticity of the above documents, which clearly show the chain of title whereby Chase

9

acquired the Deed from Excel.   Nor do they provide any factual allegations to support their conclusory assertion that Chase is not a successor by merger to the Deed.   Accordingly, the Court **GRANTS** defendants' Motion to Dismiss [2] as to any claims for wrongful foreclosure or eviction based on the theory that Chase had no interest in the Deed at the time of the foreclosure.

> **C.** **It Is Unclear How Georgia Law Defines "Secured Creditor"**
> **And Therefore Uncertain Whether Chase, As The Deed Holder,**
> **Was Authorized To Foreclose**

Plaintiffs indicate in their complaint that even if Chase was the Deed holder, the foreclosure was nevertheless improper because Chase did not hold the Note and therefore had no interest in the underlying loan.   (Compl. [1] at ¶¶ 4, 10.)   In other words, plaintiffs argue that the "secured creditor" is the entity holding the Note, not the entity holding the actual deed for the property that secures the debt.   If plaintiffs are right, the logical consequence of their argument is that the holder of the Deed, which is Chase in this case, cannot initiate foreclosure proceedings under Georgia law, but instead it is only the holder of the Note who can do so.[4]

As most judges in this district have done, the Magistrate Judge rejected an argument that a deed holder cannot validly enforce its

---

[4] Plaintiffs speculate that defendant Fannie Mae, rather than Chase, held the Note at the time of the foreclosure. (*Id.* at ¶ 10.)

security interest under Georgia law without also holding the note or owning the underlying debt obligation. (R&R [12] at 21.) *See, e.g., LaCosta v. McCalla Raymer, LLC,* Civil Action No. 1:10-CV-1171-RWS, 2011 WL 166902, at *3-*6 (N.D. Ga. 2011)(Story, J.) and *Kabir v. Statebridge Co., LLC,* No. 1:11-cv-2747-WSD, 2011 WL 4500050, at *5 (N.D. Ga. 2011)(Duffey, J.).   In *LaCosta,* as in this case, the original deed expressly granted to its holder an assignable right to exercise the power of sale upon the plaintiff's default on her home mortgage loan. *LaCosta,* 2011 WL 166902, at *3. Giving that language its full force and effect, *LaCosta* held that an assignee of the deed could validly institute foreclosure proceedings under Georgia law without also holding the note, and therefore dismissed the plaintiff's wrongful foreclosure claim, which was based on the same theory that plaintiffs assert here. *Id.,* at *3-*6.

The *LaCosta* decision is grounded in well-established principles of contract law. *Id.* Specifically, a deed is a contract and its provisions, including the express and unequivocal language granting the deed holder an assignable power of sale, is controlling as to the rights of the parties.[5] *Id.* The Eleventh Circuit has indicated its approval of this reasoning. *See Smith v. Saxon Mortg.,* 446 Fed.

---

[5] The *LaCosta* decision is also based on an agency rationale that is not applicable to the Deed that is at issue in this case. *Id.,* at *3-*5.

11

App'x 239 (11th Cir. 2011)(affirming summary judgment on a wrongful foreclosure claim based on the same theory).

As additional support for this rationale, several judges have cited O.C.G.A. § 44-14-64(b). *See, e.g., Kabir,* 2011 WL 4500050, at *5 and *In re Corley,* 447 B.R. 375, 383 (S.D. Ga. 2011)(Davis, Bankr. J.). That statute provides that:

> "Transfers of deeds to secure debt . . . shall be sufficient to transfer the property therein described and the indebtedness therein secured, whether the indebtedness is evidenced by a note or other instrument."

O.C.G.A. § 44-14-64(b). Applying § 44-14-64(b), these judges have concluded that when a deed is transferred, a sufficient interest in the underlying debt follows the deed to permit foreclosure by the deed holder. *Kabir,* 2011 WL 4500050, at *5 and *In re Corley,* 447 B.R. at 383. In accordance with § 44-14-64(b), the Excel assignment here expressly transfers to Chase Mortgage "the aforesaid Security Deed, the property described therein, [and] the indebtedness secured thereby." (Assignment [2].)

Finally, the reasoning of *LaCosta* is consistent with Georgia case law holding that a security deed "stands alone" and may be executed according to its terms even if the promissory note associated with the deed is unenforceable. *Decatur Fed. Sav. and Loan v. Gibson,* 268 Ga. 362, 364 (1997). For example, the Georgia Supreme Court has held that a deed holder can enforce its security

12

interest even if an action on the underlying note is time-barred. *Brinson v. McMillan,* 263 Ga. 802 (1994). As the court explained in *Brinson*, "even if . . . an action to collect the debt is barred by the statute of limitation, such would not prevent [the deed holder] from exercising [its] rights under the security deed." *Id. See also Minton v. Raytheon Co.,* 222 Ga. App. 85, 87 (1996)("Although the lender is foreclosed from collecting on the underlying promissory note . . . it retains its rights pursuant to its ownership interest under the deed to secure debt on the subject property."). By analogy, a deed holder should be able to enforce its ownership interest in a deed even if the deed holder has no beneficial interest in the note or the underlying indebtedness.

The reasoning of the *LaCosta* decision and progeny has not been universally followed in this district, however, and a split of authority has developed as to whether a deed holder who does not also possess the note can validly institute foreclosure proceedings under Georgia law. Denying a motion to dismiss on facts similar to those presented here, a colleague has held that "separation of the note and the security deed . . . create[s] a substantial question of what entity has the right to foreclose when the borrower defaults on the loan." *Morgan v. Ocwen Loan Serv., LLC,* 795 F. Supp. 2d 1370, 1375 (N.D. Ga. 2011)(Totenberg, J.). Addressing the issue more directly in a later case, the *Morgan* court concluded that "Georgia statutes

13

and case law require the holder of the loan to carry out the foreclosure and to identify itself as the secured creditor of public record prior to the foreclosure sale." *Stubbs v. Bank of Am.,* 844 F. Supp. 2d 1267, 1273 n.3 (N.D. Ga. 2012)(Totenberg, J.).

Should the rationale set forth in *Morgan* and *Stubbs* accurately reflect Georgia law, plaintiffs will have stated plausible claims for wrongful foreclosure and eviction. Should the rationale expressed in the contrary line of federal authority correctly represent Georgia law, plaintiffs will not have stated plausible claims.

As indicated by the above discussion, Georgia law is unclear on one of the determinative questions at issue in this case: whether a deed holder who does not also hold the note, or have an interest in the underlying debt obligation, can validly institute foreclosure proceedings. Resolution of the motions depends on unsettled questions of Georgia law. Georgia law authorizes certification of state law questions that are "determinative of [a] case" pending in federal district court when there are "no clear controlling precedents" in the decisions of the Georgia Supreme Court. O.C.G.A. § 15-2-9(a). The Eleventh Circuit has indicated that "[s]ubstantial doubt about a question of state law upon which a particular case turns should be resolved by certifying the question to the state supreme court." *Cascade Crossing II, LLC v. Radioshack Corp.,* 480

14

F.3d 1228, 1231 (11th Cir. 2007)(certifying a question concerning the application of O.C.G.A. § 13-1-11).

Given the lack of any controlling Georgia authority, the Court concludes that certification of this question to the Georgia Supreme Court is warranted.  Its decision on the certified question will determine the outcome of defendants' motion as to the wrongful foreclosure and eviction claims that are based on a theory that Chase, as the Deed holder, was not authorized to foreclose on plaintiffs' residence.  Accordingly, the Court **DENIES** defendants' Motion to Dismiss [2] those claims **without prejudice**, and **STAYS** this case pending the Georgia Supreme Court's decision.

**D.   Georgia Law Concerning The Notification Required By O.C.G.A. § 44-14-162.2(a) Is Also Unsettled**

Plaintiffs assert that Chase's foreclosure was also wrongful because it did not comply with Georgia's foreclosure notice statute: O.C.G.A. § 44-14-162.2(a).  That statute provides that:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section

15

> shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm.  Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.

O.C.G.A. § 44-14-162.2(a)(emphasis added).

Plaintiffs acknowledge that Chase provided notice of the proposed foreclosure more than 30 days prior to the proceeding, and they do not point to any procedural defects in the notice. Plaintiffs argue that this statute was nevertheless violated in two ways.  First, they repeat their argument that Chase is not a "secured creditor."  As § 44-14-162.2(a) indicates that notice of the foreclosure proceeding must be provided by the secured creditor, plaintiffs argue that this did not occur.  This contention is largely a rehash of plaintiffs' previous argument that only a secured creditor can initiate foreclosure proceedings and that because plaintiffs do not deem Chase to be a secured creditor, it was not the entity that should have launched the foreclosure process.  This argument therefore is less an objection to the adequacy of the notice provided than an objection to the legitimacy of the foreclosure process, itself.[6]

_____

[6] To the extent that plaintiffs are arguing that notice has to be sent by the secured creditor, itself, the Court is aware of no authority supporting it.  In *Alexis v. Mortg. Elec. Registration Sys., Inc.,* Civil Action No. 1:11-CV-01967-RSW, 2012 WL 716161, at *4 (N.D. Ga. 2012)(Story, J.), the court noted, "'The goal of Section

16

Plaintiff's second argument touches more closely on a notice issue.  Specifically, plaintiffs contend that § 44-14-162.2(a) requires that the name of the secured creditor be indicated in the notice of foreclosure sale.[7]  Plaintiffs aver that the foreclosure notice letters "fail to even identify the secured creditor by name." (Pls.' Resp. [7] at 9, 2nd ¶.)  Accordingly, this purported defect in the notice rendered the foreclosure invalid.

The question then is whether § 44-14-162.2(a) requires a foreclosure sale notice to identify the secured creditor and, if it

162 is to give the debtor notice of the foreclosure sale.  Whether that notice is provided by the secured creditor directly, or by its agent, is of no consequence.'" (quoting *LaCosta,* 2011 WL 166902, at *3-*4).  Likewise, in *Stubbs v. Bank of Am.*, 844 F. Supp. 2d 1267, 1271 (N.D. Ga. 2012)(Totenberg, J.), that court noted that while disclosure of the identity of the secured creditor is required under § 44-14-162.2(a), it is likely "of no consequence who actually sends the notice, and that task may properly be delegated to a servicing agent...."

[7] In truth, plaintiffs' position is more garbled than summarized above.  In their response [7] to defendants' motion to dismiss, plaintiffs cite to the foreclosure notice letter sent to them. In one paragraph of the response, plaintiffs indicate that these letters identify Chase as the secured creditor, which plaintiffs claim to be a lie, as Chase did not own the note.  (Pls.' Resp. [7] at 9, 1st ¶.)

In the second paragraph of this same page, as quoted in text, plaintiffs argue that the notice letter did not identify the secured creditor.  As the response brief heavily relies on the *Stubbs* decision, discussed *infra*, whose centerpiece, as far as notice goes, is the failure of a notice letter to identify the secured creditor, the Court infers that this is the position being taken by plaintiffs.

17

does, has Chase complied?  According to the *Stubbs* decision, while it does not matter who actually sends the notice to the debtor--be it the "secured creditor" or someone else--the notice must specify who is the "secured creditor." *Stubbs,* 844 F. Supp. 2d at 1271-72.  The fact that the notice provides the name and contact information of the entity with the power to modify the terms of the mortgage, as explicitly required by the statute, does not suffice if the name of the secured creditor is not also stated.  Again, under this interpretation, the "secured creditor" is the entity that holds the note, which is not necessarily the same as the entity holding the security deed.

In a closely-divided opinion regarding the information that is required in a foreclosure notice, the Georgia Court of Appeals has recently adopted the *Stubbs* approach, albeit in a case involving notice provided by a servicing agent who was neither the note holder nor the deed holder. *See Reese v. Provident Funding Assoc., LLP,* No. A12A0619, 2012 WL 2849700, at *3-*4 (Ga. App. July 12, 2012).  That is, the Court of Appeals held that a foreclosure notice must identify the name of the secured creditor.  Although the opinion appeared to assume that the note holder would be deemed to be the secured

18

creditor,[8] *id.*, the court was not required to decide whether the deed holder could also fit that description, as the servicing agent clearly filled neither role.   Thus, the opinion is limited to a determination of what has to be disclosed, and not, when it comes to secured creditors, a definition of that term.

Applying the *Reese* decision to this case, and assuming that the deed holder (Chase) is the secured creditor, it is not clear whether the notice here would comply with directive laid down by the *Reese* majority.   That is, did the notice indicate that Chase was the secured creditor. The Notice of Sale Under Power [1-3] states, in pertinent part:

> THIS IS AN ATTEMPT TO COLLECT A DEBT...under and by virtue of the Power of Sale contained in a Security Deed given by Chae Yi You ...to Excel Home Loan...<u>as last transferred to Chase Manhattan Mortgage Corporation</u>....conveying the after-described property to secure a Note in the original principle amount of $185,800.
>
> <u>The entity that has full authority to negotiate, amend and modify all terms of the mortgage with the debtor is JPMorgan Chase Bank</u> [contact information omitted].   Please <u>understand that the secured creditor is not required by law to negotiate</u>, amend or modify the terms of the mortgage instrument.

_____

[8]   Without any discussion as to why the holder of the note (RFC) should be deemed the secured creditor, as opposed to the holder of the secured deed (MERS), the opinion notes in one paragraph that RFC was the secured creditor: "Rather, RFC was the secured creditor, i.e., owner of the loan...." and "Indeed, the notice made no mention whatsoever of RFC, the secured creditor...."   *Id.*, at *2.

> The sale will be conducted subject...to final confirmation
> and audit of the status of the loan with the holder of the
> security deed.
>
> JPMorgan Chase Bank, National Association successor by
> merger to Chase Home Finance LLC successor by merger to
> Chase Manhattan Mortgage Corporation
>      as Attorney in Fact for
> Chae Yi You and Chur K Back
>
> McCalla Raymer, LLC
> [contact information omitted]

(*Id.* at 7)(emphasis added).

As the above foreclosure notice was sent in July 2011, prior to the July 2012 *Reese* decision, defendant Chase would not have been aware that it should announce the name of the secured creditor in the notice.  This requirement was not explicitly stated in the statute and the *Reese* majority inferred this requirement through application of principles of statutory construction.  Drafters of statutorily-required notices tend not to be creative sorts and, for good or ill, they typically hew literally to whatever the statute calls for.  So, Chase did not boldly announce itself as the secured creditor, likely because it did not know that it was supposed to.

The question then becomes whether what was said in the notice was sufficient to indicate to the reader that Chase did, in fact, occupy that role.  As set out above, the notice indicated that the foreclosure sale pertained to a security deed on plaintiffs' property that had last been transferred to Chase Manhatten Mortgage

20

Corporation.  As noted *supra* at 9-10, this entity had ultimately been merged into defendant JPMorgan Chase Bank, which accordingly held the security deed at the time of the foreclosure auction.

The notice further indicated that defendant Chase Bank had full authority to modify the mortgage, and gave the latter's contact information.  The next sentence does not mention Chase by name, but one could reasonably infer that it is referring to defendant Chase when it says "the secured creditor" is not required to negotiate a modification of the mortgage terms.  While it is true that the notice does not indicate the merger history between defendant Chase and Chase Manhatten Mortgage, the similarity of the names, combined with the proximity of the term "secured creditor" to the reference to defendant Chase as the entity with the power to modify the mortgage, implies that defendant Chase is, in fact, the secured creditor.

Finally, the last paragraph indicates that the sale will be conducted subject to confirmation by the holder of the security deed.  Under that sentence, and prominently visible, is the name of defendant: JPMorgan Chase Bank.

In the above notice, the only realistic candidate for the role of secured creditor is defendant Chase, and defendant Chase is in fact the holder of the security deed.  Thus, if the Georgia Supreme Court determines that, for purposes of the Georgia foreclosure

21

statute, the holder of a security deed is the secured creditor, then the notification here would seem to be adequate to convey that information to the individuals whose property is being foreclosed.

Further, the *Reese* majority might well be receptive to such an inference. Albeit *Reese* laid out a rule of general applicability, it reached that result based on concerns about the confusion that would occur when "notice is sent by a third party other than the secured creditor...." *Reese*, 2012 WL 2849700, at *2. Yet, while a strong argument could be made that defendant Chase's notification here was adequate, even under the newly announced standard set out in *Reese*, the parties have not briefed the question of substantial compliance.[9] So, perhaps this notice might not comply with *Reese*. Thus, it is possible that defendant Chase, the holder of the security deed, could win the battle over its status as a secured creditor, but lose the war based on the fact that its disclosure of this fact did not meet muster under the *Reese* standard.

---

[9]   On this issue, an even more recent decision of the Georgia Court of Appeals suggests a developing conflict in that court as to whether a notice that does not comply with the requirements set forth in *Reese* might nevertheless substantially comply with O.C.G.A. § 44-14-162.2. *See Stowers v. Branch Banking & Trust Co.*, No. A12A1176, 2012 WL 3601795, at *2 (Ga. App. Aug. 23, 2012)(finding substantial compliance where the notice identified only the lender's attorney, who was neither the secured creditor nor the entity with full authority to modify the loan).

22

For this reason, it is a dispositive question in this case whether § 44-14-162.2(a) requires that a foreclosure notice identify an entity as the secured creditor, and do so even if the secured creditor has been identified as the entity with the power to modify the mortgage terms.  As this is a question of state law upon which this case turns and as there is no controlling decision by the Georgia Supreme Court, the Court likewise certifies this question.

Accordingly, the Court **DENIES** defendants' Motion to Dismiss [2] those claims **without prejudice**, and **STAYS** this case pending the Georgia Supreme Court's decision.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **ACCEPTS** the Magistrate Judge's R&R [12] as to those questions not certified to the Georgia Supreme Court and **GRANTS in part** and **DENIES in part** defendants' Motion to Dismiss [2].  The Court **STAYS** the case pending the Georgia Supreme Court's decision on the questions certified in conjunction with this Order.

As the Court can take no further action pending a response to the certified questions by the Georgia Supreme Court, it administratively terminates this action.  Within 60 days of the decision of the Georgia Supreme Court, the parties shall notify this Court of the decision and indicate how they wish to proceed.  At that

23

time, the Court will administratively reopen the action and proceed with the litigation.

SO ORDERED, this 7th day of September, 2012.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

24