IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHAE YI YOU and CHUR K. BACK,

    Plaintiffs,

                                    CIVIL ACTION NO.
                                    1:12-cv-0202-JEC-AJB

v.

JPMORGAN CHASE BANK, N.A. and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.

## ORDER CERTIFYING QUESTIONS
## TO GEORGIA SUPREME COURT

This case is before the Court on a Motion to Dismiss filed by defendant under Federal Rule of Civil Procedure 12(b)(6). Resolution of the motion depends on unsettled questions of Georgia law. Georgia law authorizes certification of state law questions that are "determinative of [a] case" pending in federal district court when there are "no clear controlling precedents" in the decisions of the Georgia Supreme Court. O.C.G.A. § 15-2-9(a). The Eleventh Circuit has indicated that "[s]ubstantial doubt about a question of state law upon which a particular case turns should be resolved by certifying the question to the state supreme court." *Cascade Crossing II, LLC*

*v. Radioshack Corp.,* 480 F.3d 1228, 1231 (11th Cir. 2007)(certifying a question concerning the application of O.C.G.A. § 13-1-11).

Accordingly, for the reasons set out in the accompanying substantive Order and Opinion, also issued this date, the Court **CERTIFIES** the following questions to the Supreme Court of Georgia.

(1) Can the holder of a security deed be considered to be a secured creditor, such that the deed holder can initiate foreclosure proceedings on residential property even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed?

(2) Does O.C.G.A. § 44-14-162.2(a) require that the secured creditor be identified in the notice described by that statute?

(3) If the answer to the preceding question is "yes," (a) will substantial compliance with this requirement suffice[1] and (b) did defendant Chase substantially comply in the notice it provided in this case?

These questions are solely issues of Georgia state law that should be decided by the Georgia Supreme Court. In certifying these questions, the Court does not intend to restrict the issues

---

[1] *See Stowers v. Branch Banking & Trust Co.,* No. A12A1176, 2012 WL 3601795, at *2 (Ga. App. Aug. 23, 2012)(finding substantial compliance where the notice identified only the lender's attorney, who was neither the secured creditor nor the entity with full authority to modify the loan).

2

considered by the state court or to limit that court's discretion in choosing how to frame or answer those issues in light of the facts of the case. *See Cascade Crossing,* 480 F.3d at 1232. To assist the state court's consideration of this question, the entire record in both cases is transmitted herewith.

Finally, in certifying these questions, the undersigned notes the substantial need of federal courts to obtain enlightenment on these questions. Hundreds of foreclosure cases raising these issues are filed or removed each year to the federal courts in this state. Given the absence of controlling authority and the split of opinion that is developing within the federal court system, and perhaps even within the Georgia Court of Appeals, a dispositive ruling from the state's highest court will greatly help to ensure that Georgia law is being applied consistently and correctly by federal courts.

SO ORDERED, this <u>7th</u> day of SEPTEMBER, 2012.

<u>/s/ Julie E. Carnes</u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)