IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| Chae Yi You and Chur K. Back | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CASE NO.:  1:12-cv-202-JEC-AJB |
| | : | |
| J.P. Morgan Chase Bank, National | : | |
| Association and Federal National | : | |
| Mortgage Association | : | |
| | : | |
| Defendants | : | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICES OF SUPPLEMENTAL AUTHORITIES

COME NOW, the Plaintiffs, Chae Yi You and Chur K. Back, and file this Response to the Defendants' August 2, 2013 and August 26, 2013Notices of Supplemental Authorities that were filed in regards to the Plaintiffs' Motion for Leave to File a First Amended Complaint, showing the Court as follows:

The Plaintiffs' have filed a Motion to Leave to File a First Amended Complaint in the wake of the recent Supreme Court decision in You v. J.P. Morgan Chase 2013 WL 2152562 (Ga. May 20, 2013). The proposed first amended complaint omits those claims that were asserted in the original complaint but which are now barred by the Georgia Supreme Court's decision in You.[1]

---

[1] The Georgia Supreme Court held in the You decision it rendered in May of 3013 that Georgia law does not require the entity conducting a non-judicial foreclosure to be either the owner or holder of the underlying promissory note and further held that Georgia law does not require that in all instances the owner of the loan or holder of the

Additionally, the proposed first amended complaint seeks to add a claim that the non-judicial foreclosure at issue is invalid as a matter of law under O.C.G.A. 44–14–162 for failure to send a notice that complied with the requirements of O.C.G.A. 44–14–162.2 in that the notice of foreclosure that was sent to the Plaintiffs failed to provide the name, address and telephone number, or at least identify in some regard, of the true entity with "full authority to modify all terms of the plaintiffs' mortgage." Plaintiffs' Motion for Leave to File a First Amended Complaint has been fully briefed by the parties.

On August 3, 2013 the Defendants filed a notice of the United States Court of Appeals for the 11th Circuit's ruling in <u>Harris v. Chase Home Finance LLC</u>, No. 12-10406, 2013 U.S.App. LEXIS 15688 (July 31, 2013). And, on August 26, 2013 the Defendants filed a notice of the United States Court of Appeals for the 11th Circuit's ruling in <u>Carr v. US Bank</u>, No. 12-12779, 2013 US. App. LEXIS 16997 (August 16, 2013). The Defendants argue that these two recent, unpublished, Per Curiam, decisions involved identical legal claims to those that are before this court in the case at bar and that they require that this Court deny the Plaintiffs' motion for leave to amend. As discussed below, the Defendants' arguments concerning the application of the <u>Harris</u> and <u>Carr</u> cases to the issues before this Court in regards to the Plaintiffs' motion for leave to amend are misplaced as a matter of fact and law.

---

promissory note be identified in the notice of foreclosure required to be sent to the debtor by O.C.G.A. 44-14-162. As such, the proposed amended complaint does not assert these claims which are now barred by the <u>You</u> decision.

First, neither Harris nor Carr are controlling because they are unpublished, Per Curiam decisions.   It is axiomatic that unpublished opinions do not constitute binding precedent. *United States v. Rodriguez-Lopez,* 363 F.3d 1134, 1138 n. 4 (11th Cir.2004). Although unpublished opinions may be cited as persuasive authority, 11th Cir. R. 36-2, they are not binding authority. Moreover, an unpublished opinion is persuasive only to the extent that this Court finds the rationale expressed in the opinion to be persuasive after an independent consideration of the legal issue. Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co., 480 F.3d 1254 (11th Cir., 2007).

As discussed below, neither the Harris decision nor the Carr decision, addressed the issue that is before this Court on the Plaintiffs' motion for leave to amend.  In neither of those cases were the allegations that the notices of foreclosure failed to comply with the requirements of O.C.G.A. 44-14-162.2 even remotely similar to the allegations in the proposed First Amended Complaint in this case that support the claim that the notice of foreclosure failed to comply with the notice requirements of O.C.G.A. 44-14-162.2.  In Harris , which was an appeal of the trial court's grant of a motion to dismiss, there was an allegation in the complaint that the Notice was insufficient because it said that Chase had full authority to negotiate, amend, and modify the terms of their loan, when in fact Freddie Mac, as the holder of the promissory note, was the entity with such

authority.  However, apparently the only factual allegation that the Plaintiff in
Harris offered in support of this claim was that Chase, the entity identified in the
notice, did not qualify as the entity with full authority to negotiate, amend and
modify all terms of the mortgage simply because of its status as a non-note holding
servicer.   In ruling that this allegation was insufficient the Court of Appeals cited
to the holding of You which held that identification of a Servicer in the notice of
foreclosure would satisfy the notice requirements of O.C.G.A. 44-14-162.2 if it
was the entity with full authority to negotiate, amend, and modify all terms of the
mortgage.  The holding of Harris thus was simply that alleging that an entity's
mere status as a Servicer on a loan disqualified it from ever being the entity with
full authority to negotiate, amend and modify all terms of the mortgage was not
sufficient to state a claim that the notice failed to meet the notice requirements of
O.C.G.A. 44-14-162.2.  As the You court held, a Servicer very well may be an
entity with full authority to negotiate, amend and modify all terms of the mortgage,
and if it is, then identifying the Servicer as such an entity would meet the notice
requirements of O.C.G.A. 44-14-162.2.   Merely asserting that an entities status as
a Servicer disqualifies it from qualifying as the entity with full authority to
negotiate, amend and modify all terms of the mortgage will not state a claim of
wrongful foreclosure for failure to meet the notice requirements of O.C.G.A. 44-
14-162.2.

In the case at bar, however, the allegations supporting the claim that Chase was not the entity with full authority to negotiate, amend and modify all terms of the mortgage go well beyond merely asserting that Chase is a Servicer and that simply because of its status as Servicer means that it does not qualify as the entity with full authority.   To the contrary, in this case the allegations of the proposed First Amended Complaint are that J.P. Morgan Chase Bank N.A's authority, if any, to "negotiate, amend and modify" the terms of a debtor's mortgage which is owned or held by FNMA are set forth in FNMA's servicing rules and regulations.   As alleged in the proposed amended complaint the authority, if any, which J.P. Morgan Chase Bank N.A. had to negotiate, amend and modify the Plaintiffs' mortgage was not tantamount to "full authority to negotiate, amend and modify all terms" of the Plaintiff's mortgage.   Pursuant to FNMA's servicing rules, J.P. Morgan Chase Bank N.A. only had limited authority to modify a mortgage such as the Plaintiffs.   It can only modify loans/mortgages for those debtors that meet certain qualification requirements, and even for those persons, J.P. Morgan Case Bank N.A. can only make limited modifications.   If the debtor does not meet the qualification requirements, or needs a modification that does not fall within the authority granted to J.P. Morgan Chase pursuant to FNMA's servicing rules, J.P. Morgan must, in each case, get specific approval from FNMA before any such a modification can occur.   For example, the FNMA servicing rules provide that if a

modification would take the loan to value above 80% the servicer must contact FNMA to obtain specific approval before any such modification can be made.[2] Because of limitations such as these that are contained in the FNMA Servicer rules, a Servicer of a FNMA owned or held loan, such as was J.P. Morgan Chase Bank N.A., does not have "full authority to negotiate, amend and modify all terms of the mortgage." Based upon these factual allegations contained in the proposed first amended complaint, the legal claims set forth therein are that no notice that included "the name, address and telephone number of the individual or entity with full authority to negotiate, amend and modify all terms of the mortgage with the [Plaintiffs]," as is required by O.C.G.A. 44-14-162.2, was ever sent to the Plaintiffs prior to the August 2011 non-judicial foreclosure sale of the Plaintiffs' property and that, under the mandates of O.C.G.A. 44-14-162 the non-judicial foreclosure sale of the Plaintiffs' home is invalid as a matter of law.

Thus, contrary to the factual allegations in <u>Harris</u> that Chase's mere status as Servicer disqualified it from qualification as the entity with full authority to negotiate, amend and modify all terms of the mortgage, the proposed First Amended Complaint in this case sets forth specific factual allegations that demonstrate the limitations FNMA has placed on Chase's authority to negotiate,

---

[2] This is just one example of the many limitations on the authority of a servicer such as J.P. Morgan Chase to modify the terms of a FNMA debtors' mortgage that the Plaintiffs intend to present to the Court after they have had a chance to conduct full discovery on this issue.

amend and modify the terms of the mortgage.  <u>Harris</u>, therefore is neither factually applicable to the issues before this Court on the Plaintiffs' motion for leave to amend, nor can it be considered as persuasive authority.

The <u>Carr</u> decision is even more distinguishable from the case at bar than is the <u>Harris</u> decision.  The <u>Carr</u> case did not even involve the same claim as that presented in the case at bar.  Here, the claim in the proposed First Amended Complaint is that the notice of foreclosure failed to identify the true entity with full authority to negotiate, amend and modify all terms of the mortgage as is required by O.C.G.A. 44-14-162.2.   In <u>Carr</u> the claims asserted were that the notice of foreclosure was invalid as it failed to identify the secured creditor, was sent too far in advance of the foreclosure sale, and that it was sent by a law firm and not the secured creditor.   The Plaintiff in <u>Carr</u> did not assert a claim that the notice was insufficient because the notice failed to identify the entity with full authority to negotiate, amend and modify all terms of the mortgage.   <u>Carr</u>, therefore, has absolutely no application to the issues before this Court on the Plaintiffs' motion for leave to amend.

Respectfully submitted this 23rd day of September, 2013.


                                                    ___/s/David Ates_____
                                                    David C. Ates
                                                    State Bar No. 026281

DAVID ATES, P.C.
805 Peachtree Street, NE, #613
Atlanta, Georgia 30308
404-382-5324
404-969-5082
ates_david@live.com

CERTIFICATE OF SERVICE

This certifies that I have this date served a copy of this Plaintiffs' Response to Defendants' Notice of Supplemental Authority upon the following counsel of record via United States mail, sufficient postage affixed, and by the Court's electronic filing system:

> Joseph D. Wargo
> WARGO FRENCH LLP
> 999 Peachtree Street N.E.
> 26th Floor
> Atlanta, Georgia 30309
>
> Paul W. Painter, Jr.
> ELLIS, PAINTER, RATTERREE
>  & ADAMS LLP
> P.O. Box 9946
> Savannah, Georgia 31412
>
> This 23rd day of September, 2013.

/s/ David Ates
David Ates

David Ates, P.C.
805 Peachtree Street
Suite 613
Atlanta, GA 30308
(404) 382-5324
ates_david@live.com