IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| Chae Yi You and Chur K. Back | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CASE NO.:  1:12-cv-202-JEC-AJB |
| | : | |
| J.P. Morgan Chase Bank, National | : | |
| Association and Federal National | : | |
| Mortgage Association | : | |
| | : | |
| Defendants | : | |

**PLAINTIFFS'S RESPONSE TO DEFENDANTS' DECEMBER 2013
NOTICE OF SUPPLEMENTAL AUTHORITY AND PLAINTIFFS'S
NOTICE OF THE RECENT GEORGIA COURT OF APPEALS DECISION
IN
BABOLOLA V. HSBC BANK N.A.**

COME NOW, the Plaintiffs and file (1) this Response to the Defendants'

December 16, 2013Notice of Supplemental Authority that was filed in regards to

the Plaintiffs' Motion for Leave to File an Amended Complaint, and (2) this Notice

of the Recent Georgia Court of Appeals decision in Babolola v. HSBC Bank, N.A.,

Case No. 13A1351 (Nov. 15, 2013(Attached) which is also relevant to the Court's

consideration of Plaintiffs' Motion for Leave to File an Amended Complaint,

showing the Court as follows:

As the Court is aware, the Plaintiffs have filed a Motion to Leave to File an

Amended Complaint in the wake of the recent Supreme Court decision in You v.

J.P. Morgan Chase 2013 WL 2152562 (Ga. May 20, 2013). The proposed amended complaint seeks to add a claim that the non-judicial foreclosure at issue is invalid as a matter of law under O.C.G.A. 44–14–162 for failure to send a notice that complied with the requirements of O.C.G.A. 44–14–162.2 in that the notice of foreclosure that was sent to the Plaintiffs failed to provide the name, address and telephone number, or at least identify in some regard, of the true entity with "full authority to modify all terms of the Plaintiffs' mortgage." Plaintiffs' Motion for Leave to File an Amended Complaint has been fully briefed by the parties.

On December 16, 2013 the Defendants filed a notice of the United States District Court for the Middle District of Georgia's recent decision in Puissant v. Bank of America Home Loan Servicing, LLP, Case No.: 5:12-CV-388 (MTT). The Defendants argue that this recent decision involved identical legal claims to those that are before this court in the case at bar and that Puissant supports denial of Plaintiffs' Motion for Leave to File an Amended Complaint.   However, Plaintiffs show herein that the Puissant case was wrongly decided, especially in light of the Georgia Court of Appeals recent decision in Babolola v. HSBC Bank, N.A., Case No. 13A1351 (Nov. 15, 2013(Attached).

Four issues that are under consideration by this Court as concerns Plaintiffs' Motion for Leave to File the proposed Amended Complaint are: (1) whether the doctrine of substantial compliance applies to the notice requirements of O.C.G.A.

44-14-162.2 and, if so, whether the notice of foreclosure at issue herein substantially complied with the mandate of O.C.G.A. 44-14-162.2 that the notice provide the name, address and telephone number of the entity with full authority to modify all terms of the mortgage with the Plaintiffs when it provided the name address and telephone number for Chase and failed to even mention Fannie Mae which, according to the allegations of the proposed Amended Complaint, is the entity with "full authority to modify all terms of the mortgage" with the Plaintiffs; (2) whether Plaintiffs, who was admittedly in default on the repayment terms of the underlying loan, are prohibited, as a matter of law, from stating a tort claim of wrongful foreclosure that is based on the failure to send a proper notice under O.C.G.A. 44-14-162.2 because of an inability to show that the lack of proper notice caused the Plaintiffs any damage; (3) whether, regardless of whether the Plaintiffs can show causation for purposes of their tort claim of wrongful foreclosure, the Court must nevertheless declare the non-judicial foreclosure at issue herein invalid as a matter of law pursuant to O.C.G.A. 44-14-162 for the failure to send a notice that complies with O.C.G.A. 44-14-162.2 and restore title as it existed prior to the non-judicial foreclosure sale; and (4) whether, if the Court holds that Plaintiffs cannot somehow state a claim that the non-judicial foreclosure is invalid as a matter of law pursuant to O.C.G.A. 44-14-162 based upon the failure to send a notice of foreclosure that complies with O.C.G.A. 44-14-162.2 and that

the only way the Court can set aside the non-judicial foreclosure sale is by way of equitable relief, the Plaintiffs are first required to tender the full amount of the loan.  As discussed below, while the Court in <u>Puissant</u> addressed issues (1), (3) and (4) above, <u>Puissant</u> wrongly decided those issues.  As to issue (2) above, <u>Puissant</u> expressly did not reach that issue. (See <u>Puissant</u>, p. 11, n.9).  However, Plaintiffs show below that issue (2) above was addressed recently by the Georgia Court of Appeals in its <u>Babolola</u>, <u>supra</u> opinion.

1.      **The Notice of Foreclosure Failed to Comply with O.C.G.A. 44-14-162.2**

The Court in <u>Puissant</u> held that a notice like the one at issue in this case substantially complied with the mandate of O.C.G.A. 44-14-162.2 that the notice provide the name, address and telephone number of the entity with full authority to modify all terms of the mortgage with the Plaintiffs when it provided the name address and telephone number for Chase and failed to even mention Fannie Mae which, according to the allegations of the proposed Amended Complaint in <u>Puissant</u> and the proposed Amended Complaint herein, is the entity with "full authority to modify all terms of the mortgage" with the Plaintiffs.  However, in so holding the Court in <u>Puissant</u> relied upon <u>Stowers v. BB&T</u>, 731 S.E.2d 367 (Ga. App. 2012); <u>TKW Partners v. Archer Capital Fund</u>, 302 Ga. App. 443, 691 S.E.2d

300 (2010); <u>Harris v. Chase Home Fin.</u>, 524 Fed. App'x 590 (11th Cir. 2013) and

<u>Carr v. US Bank</u>, 2013 WL 4267640 (11th Cir. 2013) and it did so without the

benefit of any argument by the Plaintiffs as to the non-applicability of those cases

to the facts as alleged in the proposed Amended Complaint in <u>Puissant</u>. (See

<u>Puissant</u> p. 3 and 12,n.10 – Plaintiffs did not reply to Defendants' response in

opposition to their motion to amend).[1] In the present case, however, the Plaintiffs

have briefed the Court as to the non-applicability of the <u>Stowers</u>, <u>TKW Partners</u>,

<u>Harris</u> and <u>Carr</u> decisions to the facts as alleged in the proposed Amended

Complaint.  (See Plaintiffs' Reply Brief in Support of Their Motion for Leave to

File an Amended Complaint – Dkt  27 and Plaintiff's Response to Defendants'

Notice of Filing – Dkt 30).   For the reasons stated in those Briefs, Plaintiffs show

that the Court's decision in <u>Puissant</u> is incorrect and should not be followed in the

case at bar.

     Additionally, on the issue of whether the doctrine of substantial compliance

even applies, the Plaintiffs show that it does not apply to the requirement of

O.C.G.A. 44-14-162.2 that notice of foreclosure provide the name, address, and

phone number of the entity with full authority to negotiate, amend and modify all

terms of the mortgage.   The Georgia Supreme Court held in <u>Krapf v. Wiles</u> 252

Ga. 452, 314 S.E.2d 656 (Ga., 1984) that the doctrine of substantial compliance

---

[1] Plaintiff's counsel is aware that no argument concerning the non-applicability of these cases was presented to the
Court in <u>Puissant</u> as Plaintiff's counsel herein also represented the Plaintiffs in <u>Puissant</u>.

does not apply to a similar notice requirement contained in O.C.G.A. 13-1-11(a)(3).   That statute provides: "The holder of the note or other evidence of indebtedness or his attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees ..."   In holding that the doctrine of substantial compliance does not apply to the requirement that the "holder" send the notice at issue therein the Georgia Supreme Court stated as follows:

> OCGA § 11-1-201(20) (Code Ann. § 109A-1-201) defines "holder" as "a person who is in possession of a document of title or an instrument or an investment security drawn, issued, or endorsed to him or to his order or to borrower in blank." On April 5, the date of the letter, the bank and not Krapf was in possession of the note and security deed. Therefore the letter relied on by Krapf was not notice as required by OCGA § 13-1-11 (Code Ann. § 20-506). In our view the statute's requirement that notice be sent by the "holder" is a matter of substance to which the doctrine of substantial compliance does not apply. "Statutory notice for the purpose of fixing liability for attorney's fees should disclose who is the holder of the note, and who it is [252 Ga. 454] that intends to bring suit, and to whom the payment should be made; and if notice is so worded as to mislead or as to be likely to mislead the defendant in material respects as to these features, it is inadequate." Gelders v. Kennedy, 9 Ga.App. 389, 390, 71 S.E. 503 (1911). Cf. General Electric Corp. v. Brooks, supra, 242 Ga. at 118-19, 249 S.E.2d 596. Krapf's contentions are therefore without merit, and the trial judge's grant of summary judgment on the issue of attorney fees was correct.

Id.  The requirement of O.C.G.A. 44-14-162.2 that the notice of foreclosure state the name, address and phone number of the entity with full authority to negotiate, amend and modify all terms of the mortgage is hardly any less a matter of substance than the provision of O.C.G.A. 13-1-11(a)(3) that the "holder" send notice of its intent to enforce the attorney's fee provisions of the statute.  Thus, the doctrine of substantial compliance does not apply under these circumstances as the notice herein mislead the Plaintiffs as to the identity of the true entity which possessed full authority to negotiate, amend and modify all terms of the Plaintiffs' mortgage.

2.    **Plaintiffs' Default Does Not Preclude Them From Alleging Causation and Damages as Concerns Plaintiffs' Proposed Tort Claim**

The Defendants argue that since the Plaintiffs were in default on the repayment terms of the underlying loan, then they cannot state a tort claim for damages even if the Defendant Chase failed to abide by the statutorily required notice requirements mandated by O.C.G.A. 44-14-162.2.   The Defendants' argument, however, was recently rejected by the Georgia Court of Appeals in its decision in Babolola, supra.    In Babolola the Plaintiff was admittedly in default. Babolola p. 2 ("Sometime between 2008 and 2011 Babolola defaulted on his loan payments."  In reversing the trial courts grant of the defendant's motion to dismiss

the trial court held that a Plaintiff, even if in default on the repayment terms of the underlying loan, could nevertheless state a tort claim for wrongful foreclosure based upon allegations that the foreclosing entity failed to abide by the notice requirements of O.C.G.A. 44-14-162.2.   As stated by the Georgia Court of Appeals:

> (a) Babalola's wrongful foreclosure claim is based on his allegations that the foreclosure violated a bankruptcy stay; that HSBC and Litton failed to provide Babalola with notice of the foreclosure as required by OCGA § 44-14-162.26 and failed to advertise the foreclosure as required by OCGA § 44-14-1627; and that neither HSBC nor Litton was a party to either the promissory note or the security deed and therefore neither had standing to foreclose on his property. These allegations support a wrongful foreclosure claim under Georgia law.
>
> A foreclosure sale that is conducted after a bankruptcy stay goes into effect is void ab initio. See Vereen v. Deutsche Bank Nat. Trust Co., 282 Ga. 284, 285 (646 SE2d 667) (2007); In re Ford, 296 B. R. 537, 543 (III) (A) (Bankr. N.D. Ga., 2003). Babalola has alleged defendants violated an existing automatic stay when they foreclosed on the property.
>
> Additionally, under OCGA § 23-2-114, "[p]owers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." **"Where a foreclosing party breaches his statutory duty to exercise the power of sale fairly and in good faith, the debtor may sue for damages for wrongful foreclosure." (Citation omitted.) Racette v. Chase, N. A., 318 Ga. App. 171, 174 (1) (a) (733 SE2d 457) (2012). Such a breach occurs where a secured creditor fails to comply with the statutory advertising and notice requirements set forth in OCGA § 44-14-162 (a) and OCGA § 44-14-162.2. Id. at 174-175 (a). See also Roylston v. Chase, N. A., 290 Ga. App. 556, 559 (1) (b) (660 SE2d 412) (2008) ("[w]here a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with OCGA § 44-14-162 et seq., the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure") (citation omitted).** Similarly, if the contents of the advertisement of sale are defective

in some respect, that defect "will support a wrongful foreclosure claim if the debtor can come forward with evidence that the defects chilled the bidding at the foreclosure sale, causing a grossly inadequate sale price." (Citations omitted.) Racette, 318 Ga. App. at 175 (1) (a). See also Gordon v. South Central Farm Credit, ACA, 213 Ga. App. 816, 818 (446 SE2d 514) (1994) (where sale price is "grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price . . . such a sale may be set aside") (citation and punctuation omitted). Here, Babalola has alleged not only that the defendants failed to provide him with the required notice of foreclosure and failed to advertise the foreclosure as required, but also that the sales price was inadequate.

Additionally, Babalola asserts that because neither HSBC nor Litton was a party to either the promissory note or the security deed, neither had standing to foreclose on the property. We recognize that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." You v. JP Morgan Chase Bank, 293 Ga. 67, 74 (1) (743 SE2d 428) (2013). See also Hayes v. EMC Mtg. Corp., 296 Ga. App. 709, 711 (675 SE2d 594) (2009) (a secured lender's assignee steps into the shoes of, and becomes subrogated to, the rights of that secured lender). We are unable to determine from the pleadings (as opposed to the evidence presented in support of the motion to dismiss), however, whether HSBC was the holder of the security deed, as it contends it was, or whether Litton was appointed to serve as HSBC's agent with respect to that deed. We are therefore constrained to find that Babalola's assertion that neither HSBC nor Litton had the authority to foreclose on his property supports his wrongful foreclosure claim.

 In light of the foregoing, Babalola's allegations that the foreclosure sale at issue violated a bankruptcy stay, that the sale failed to comply with the relevant statutory notice and advertising requirements, and that neither HSBC nor Litton had standing to conduct the sale, support his wrongful foreclosure claim, and the trial court erred in dismissing that claim.

<u>Id.</u>  As such, the Court of Appeals clearly found that the Defendants' argument that a debtor in default, like the Plaintiffs herein, cannot, as a matter of law, state a tort claim of wrongful foreclosure due to an inability to show causation of damages is misplaced.

Indeed, the Defendants' reliance upon <u>Heritage Creek Development Corp v. Colonial Bank</u>, 268 Ga.App. 369, 601 S.E.2d 842 (Ga. App., 2004) for this proposition is also misplaced.   In <u>Heritage Creek</u> the Court stated as follows:

> Not only did Heritage Creek default on the loan payments on multiple occasions, it failed to cure the default pursuant to the terms of the loan agreement; it received the foreclosure notice, but did not bid on the property at the foreclosure sale; and it requested and was granted an opportunity to repurchase the property after the foreclosure sale, then failed to tender the purchase price required by the terms of Colonial Bank's offer to sell the property back. Heritage Creek does not deny any of this, and it did not produce even a scintilla of evidence which shows any wrongdoing by the bank, or that any act or omission by the bank caused it to lose its equity in the eight lots which were sold in foreclosure.

<u>Id</u>.  As can clearly be seen, the Plaintiffs in <u>Heritage  Creek</u>  received proper notice of the foreclosure sale.   Thus, <u>Heritage Creek</u>  hardly holds that in a case wherein a debtor failed to receive the notice of sale that the Georgia legislature mandated be provide before conducting a non-judicial foreclosure, then the failure to tender the amount due on a loan, or the Plaintiffs' default status, mandates that as a matter of law, the Plaintiffs' claim for tortious wrongful foreclosure be dismissed.

### 3.     Equity is not Required.

Relying solely on a footnote in the <u>Puissant</u> Order,  (<u>Puissant</u> p.9, n.6), the

Defendants argue that the allegations of the proposed Amended Complaint, that the

non-judicial foreclosure is invalid as a matter of law, fails to state a claim because

there is no such cause of action in this State.  The Defendants' argument, however,

is misplaced.  Georgia law clearly states that if a notice of foreclosure that meets

the requirements of O.C.G.A. 44-14-162.2 is not sent to the debtor, then the non-

judicial foreclosure sale is invalid as a matter of law.  No equitable relief is

required.  O.C.G.A. 44-14-162 provides:

> no sale of real estate under powers contained in mortgages, deeds, or other
> lien contracts shall be valid…<u>*unless notice of the sale shall have been given*</u>
> <u>*as required by Code Section 44-14-162.2*</u> (emphasis added).

Thus, by operation of O.C.G.A. 44-14-162.2, if a notice of foreclosure that

complies with the notice requirements mandated by O.C.G.A. 44-14-162.2 is not

sent to the debtor, any non-judicial foreclosure that occurred is invalid.   If

challenged, a Court is required to issue an order declaring any such non-judicial

foreclosure invalid as a matter of law.   Wrongful foreclosure cases arise under law

(not equity jurisdiction) in Georgia. *Arrington v. Reynolds*, 274 Ga. 114 (2001).

**4.     Even if Equity is Required, the Plaintiffs Need Not Tender**

If the Court holds that the only way it can set aside the non-judicial foreclosure sale is by way of equitable relief, the Plaintiffs are, nevertheless, not required to first tender the full amount of the loan. _Puissant_ was wrongly decided on this issue.  Georgia law recognizes that tender is not required where a completed foreclosure sale is void due to an improper act by a party to the suit. _Benedict v. Gammon Theological Seminary_, 122 Ga. 412, 50 S.E. 162, 163 (1905) (rejecting tender argument in suit to set aside foreclosure sale where lender violated foreclosure process, rendering foreclosure void).  The Plaintiffs contend that the foreclosure sale is void because Chase acted contrary to law, much like the _Benedict_ defendant. _See also_, _Coates v. Jones_, 142 Ga. 237, 82 S.E. 649, 650 (1914) (rejecting tender argument where creditor violated foreclosure statute and allowing debtor, without tender of the amount of the debt, to sue in equity to have the sheriff's deed set aside and to recover possession).  And, of course, it is a maxim of equity that a legal wrongdoer cannot claim equity.  _Benedict_, 50 S.E. at 163.  As stated by _Benedict_:  "The difference between this case and the cases relied upon by counsel for the defendant is that in those cases there was no illegal act committed by the party who demanded the Plaintiffs to do equity."

As concerns the non-judicial sale of the Plaintiffs' property, the case at bar is brought against the legal wrongdoer, Chase, not the entity to whom the debt is owed.  The tender requirement, arising from § 23-1-10 ("He who would have equity must do equity and must give effect to all equitable rights *of the other party* respecting the subject matter of the action) (emphasis added), thus does not apply to Chase, for Plaintiffs do not owe Chase a dime.  *Williamson*, Case 1:11-CV-01161-AT (attached) (citing *Everson v. Franklin Discount Co.*, 248 Ga. 811, 813 (1982); *Sapp v. ABC Credit & Inv. Co.*, 243 Ga. 151, 158 (1979); *Davis v. Atlanta Fin. Co.*, 160 Ga. 784 (1925)).

Plaintiffs are not seeking to cancel the debt. The holder of the promissory note the Plaintiffs executed still would retain authority either to sue on the note or, because the note holder has an equitable interest in the property, foreclose on the property judicially.

THEREFORE, for the foregoing reasons, as well as the reasons previously argued in prior briefs filed with this Court, the Plaintiffs' Motion for Leave to File the proposed Amended Complaint should be granted.

Respectfully submitted this 17th day of December, 2013.

                                              */s/David Ates*

                                              David C. Ates

                                              State Bar No. 026281

DAVID ATES, P.C.
805 Peachtree Street, NE, #613
Atlanta, Georgia 30308
404-382-5324
404-969-5082
ates_david@live.com

CERTIFICATE OF SERVICE

This certifies that I have this date served a copy of this Plaintiffss' Response to Defendants' December 2013 Notice of Supplemental Authority upon the following counsel of record via the Court's electronic filing system:

Joseph D. Wargo
WARGO FRENCH LLP
999 Peachtree Street N.E.
26th Floor
Atlanta, Georgia 30309

Paul W. Painter, Jr.
ELLIS, PAINTER, RATTERREE
 & ADAMS LLP
P.O. Box 9946
Savannah, Georgia 31412

This 17th day of December, 2013.

/s/ David Ates_____
David Ates

David Ates, P.C.
805 Peachtree Street
Suite 613
Atlanta, GA 30308
(404) 382-5324
ates_david@live.com