IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHAE YI YOU and CHUR K. BAK,

    Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.

CIVIL ACTION NO.

1:12-CV-202-JEC-AJB

## ORDER & OPINION

This case is before the Court on plaintiffs' Motion for Leave to File an Amended Complaint [20]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiffs' Motion for Leave [20] should be **GRANTED**.

## BACKGROUND

This case arises out of foreclosure proceedings instituted by defendants against a residence in Suwanee, Georgia. (Order [15] at 2.) In their original complaint, plaintiffs alleged that the foreclosure was invalid, in part because it did not comply with O.C.G.A. § 44-14-162.2. (*Id.* at 15.) That statute provides that:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of

> the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.

O.C.G.A. § 44-14-162.2(a)(emphasis added). Plaintiffs argued that the notice they received was invalid because it failed to identify the "secured creditor" on the mortgage. (*Id.* at 17.)

Defendants moved to dismiss the case under Rule 12(b)(6). (*Id.* at 3.) In ruling on their motion, the Court certified several issues to the Georgia Supreme Court, including the question whether "O.C.G.A. § 44-14-162.2(a) require[s] that the secured creditor be identified in the notice described by that statute." (Order [16] at 2.) The Georgia Court answered that question in the negative, concluding from the plain language of the statute that the notice must simply identify the individual or entity with "full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." (Opinion [21] at 1.) The Court explained that:

> If that individual or entity is the holder of the security deed, then the deed holder must be identified in the notice; if that individual or entity is the note holder, then the note holder must be identified. If that individual or entity is someone other than the deed holder or the note holder, such as an attorney or servicing agent, then that person or entity must be identified. The statute

2

requires no more and no less.
(*Id.* at 15.)

Plaintiffs responded to the above opinion with a motion to amend their complaint under Federal Rule 15(a). (Pls.' Mot. to Amend [20].) In the motion, plaintiffs acknowledge that their claims concerning the failure of the foreclosure notice to identify the "secured creditor" are no longer viable. (*Id.* at 3.) However, plaintiffs claim that the notice they received is nevertheless invalid because it did not identify the individual or entity with "full authority" to negotiate "all terms of the mortgage" as required by the Georgia Supreme Court. (*Id.*) The proposed amended complaint asserts claims for wrongful foreclosure based on this alleged deficiency. (*Id.* at Ex. A.)

## **DISCUSSION**

Federal Rule 15(a) provides that leave to amend shall be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). Courts thus generally grant leave unless there is a substantial reason to deny it. *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1270 (11th Cir. 2006)("'[i]n the absence of any apparent or declared reason . . . the leave sought should'" be freely given)(quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Substantial reasons for denial include "undue delay, undue prejudice to the defendants, and futility." *Mann v. Palmer,* 713 F.3d 1306, 1316 (11th Cir. 2013).

3

*See also Muhammad v. Sapp,* 494 Fed. App'x 953, 958 (11th Cir. 2012)("Although leave to amend is freely given when justice so requires, it is not an automatic right.").

Defendants do not oppose the amendment on grounds of undue delay or prejudice. (Defs.' Resp. [24].) Rather, defendants argue that the proposed amendment is futile. (*Id.* at 3-9.) An amendment is futile when the allegations of the proffered complaint are insufficient to withstand a motion to dismiss. *Coventry First, LLC v. McCarty,* 605 F.3d 865, 870 (11th Cir. 2010). *See also Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1213 (11th Cir. 2001)(leave to amend should be denied if the proposed complaint fails to state a claim). According to defendants, the Georgia Supreme Court's opinion precludes the proposed claims based on the notice requirements of O.C.G.A. § 44-14-162.2. (Defs.' Resp. [24] at 3.)

As in the original complaint, plaintiffs allege in the amended complaint that the foreclosure notice identified defendant Chase, the loan servicer, as the entity with authority to negotiate the terms of the mortgage. (Am. Compl. [20] at ¶¶ 3, 15.) In response to the Georgia Court's opinion, the amended complaint specifically alleges that Chase did not have "full authority" to modify "all the terms" of the mortgage. (*Id.* at ¶ 15.) According to plaintiffs, Chase's authority to negotiate the terms of the mortgage was limited by defendant Federal Nation Mortgage Association's ("FNMA's") servicing

4

rules and regulations. (*Id.*) Consequently, plaintiffs contend, the notice did not comply with O.C.G.A. § 44-14-162.2 and the subsequent foreclosure was wrongful and invalid. (*Id.* at ¶¶ 23-32.) Assuming these allegations are true, plaintiffs have stated a "plausible claim" for relief under Georgia law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(a claim is plausible when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")).

Defendants suggest that application of the substantial compliance doctrine requires dismissal of the amended claims. (Defs.' Resp. [24] at 3-6.) According to defendants, the Georgia courts have rejected an "unreasonably strict" reading of the requirements of § 44-14-162.2 in favor of a "common-sense interpretation" that precludes the claims asserted by plaintiffs. (*Id.* at 6.) However, the Georgia Supreme Court was clear that the notice must identify the entity with "full authority" to modify "all the terms of the mortgage." (Opinion [21] at 15.) If Chase lacked the requisite authority, as alleged in the amended complaint, then the foreclosure was arguably wrongful under Georgia law.

Alternatively, defendants claim that Chase, as the loan servicer, did in fact have "full authority" to negotiate the mortgage. (Defs.' Resp. [24] at 8.) Defendants may very well prevail on that claim. However, the extent of Chase's authority is an issue that is better resolved on summary judgment than on a motion

5

to dismiss.  *See World Holdings, LLC v. Fed. Rep. of Germany,* 701 F.3d 641, 649 (11th Cir. 2012)(in ruling on a motion to dismiss, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff").

Finally, defendants cite several recent cases in this circuit concluding that a loan servicer was properly identified in a foreclosure notice as the entity with authority to negotiate the mortgage. (Defs.' Notices of Supplemental Authority [28], [29], and [31].)  The courts in these cases did not hold that the identification of a loan servicer such as Chase always satisfies Georgia's foreclosure notice statute. *See, e.g, Carr v. U.S. Bank, NA,* 534 Fed. App'x 878 (11th Cir. 2013).  Nor could they, in accordance with the Georgia Supreme Court's opinion on the questions certified in this case.  As the Georgia Court made clear, a foreclosure notice must identify the entity with "full authority" to negotiate "all terms of the mortgage" in order to comply with O.C.G.A. § 44-14-162.2.  (Opinion [21] at 15.)  That entity may or may not be the loan servicer, depending on the particular facts of the case. (*Id.*)

As plaintiffs' amended claims state a plausible claim for relief under Georgia law, the Court rejects defendants' futility argument. Defendants have not presented any other arguments that would support denial of plaintiffs' motion for leave to amend their complaint. Accordingly, the Court **GRANTS** the motion.

6

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** plaintiffs' Motion for Leave to Amend the Complaint [20].

SO ORDERED, this 25th day of February, 2014.

<pre>
                          /s/ Julie E. Carnes
                          JULIE E. CARNES
                          CHIEF UNITED STATES DISTRICT JUDGE
</pre>