IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Chae Yi You and Chur K. Back | : | |
| Plaintiffs | : | |
| v. | : | CASE NO.: 1:12-cv-202-JEC-AJB |
| J.P. Morgan Chase Bank, National Association and Federal National Mortgage Association | : | |
| Defendants | : | |

**FIRST AMENDED COMPLAINT**

COMES NOW, the Plaintiffs, Chae Yi You and Chur K. Back, and files this Complaint against the above named Defendants, showing the Court as follows:

**I.     INTRODUCTION**

1.

This action seeks redress for the wrongful foreclosure of the Plaintiffs' property that was conducted by Defendant JP Morgan Chase Bank, N.A, and the wrongful eviction conducted by Federal National Mortgage Association,

## II. THE PROPERTY, THE PARTIES AND THE DISPUTE

2.

The real property that is the subject of this Complaint is commonly known as 2840 Cresent Walk Lane, Suwanee, GA 30024. (hereinafter the "subject property"). Plaintiffs Chae Yi You and Chur Back (hereinafter "Plaintiffs") are the legal and equitable owners of the real Property that is the subject of the dispute complained about herein and they are residents of Gwinnett County, Georgia.

3.

Defendant JP Morgan Chase Bank, NA was the entity that wrongfully foreclosed on the Plaintiffs' subject property through a non-judicial foreclosure sale on or around August 2, 2011. The non-judicial foreclosure was conducted pursuant to correspondence sent by foreclosure counsel for Defendant JP Morgan Chase that failed to comply with the requirements set forth in Georgia's notice of foreclosure statute O.C.G.A. 44-14-162.2 that the notice of foreclosure include the name, address and telephone number of the individual or entity with full authority to negotiate, amend, and modify all terms of the mortgage with the debtor.  In this instance the notice of foreclosure correspondence and advertisement of the non-judicial foreclosure sale of the Plaintiffs' property stated that JP Morgan Chase Bank, NA was the entity with full authority to negotiate, amend, and modify all terms of the Plaintiffs' mortgage when, as discussed below, it was not an entity

with full authority to negotiate, amend and modify all terms of the Plaintiffs' mortgage.  As such, the non-judicial foreclosure sale of the Plaintiffs' property that is at issue herein was wrongfully conducted and is invalid and void by operation of O.C.G.A. 44-14-162.  JP Morgan Chase Bank NA may be served with a copy of the summons and complaint by delivering a copy of the summons and complaint to its registered agent for service of process.

4.

Defendant Federal National Mortgage Association (herein after "FNMA") is a foreign corporation authorized to do business within the State of Georgia. FNMA was aware of IP Morgan Chase Banks' actions in wrongfully foreclosing on the subject property and it knowingly accepted and recorded what it knew to be an invalid and void special warranty deed from JP Morgan Chase Bank NA purporting to convey the subject property to FNMA. FNMA then wrongfully evicted the Plaintiffs from their property following what it knew was an improper, invalid, and wrongful foreclosure that was conducted in August of 2011. FNMA may be served with a copy of the summons and complaint by delivering a copy of the summons and complaint to FNMA..' s registered agent for service of process.

### III. JURISDICTION AND VENUE

5.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant to the Georgia Constitution and 15 U.S.C. § 1692k. Venue in this court is proper in that the named Plaintiffs reside within Gwinnett County and the property that is the subject of this Complaint is located in this District and Division and the Defendants are located in this District and Division.

### IV. FACTUAL ALLEGATIONS

6.

On April 29, 2003 Plaintiffs obtained a residential mortgage loan through Excel Home Loans. As part of the loan transaction Plaintiffs executed a promissory note and a security deed. The Security Deed named Excel Home Loans as the Grantee of the Deed.

7.

The promissory note was executed in favor of Excel Home Loans. At some presently unknown date subsequent to the Plaintiffs' execution of the note, it was sold and/or transferred to a still unidentified entity (investor) who actually owns the note and/or debt. Based upon the facts as discussed below, the Plaintiffs learned subsequent to the non-judicial foreclosure sale at issue herein that

Defendant Federal National Mortgage Association was the owner/holder of the promissory note/debt at the time of the foreclosure sale of the Plaintiffs' property.

8.

By letter dated October I, 20 I 0 from a law firm that appeared to be representing Federal National Mortgage Association, the Plaintiffs, who had filed for bankruptcy, were notified that they might be eligible to a workout of the loan with Fannie Mae (i.e. Federal National Mortgage Association).

9.

In June of 2011 a series of letters were sent to the Plaintiffs wherein they were informed that their property was to be sold at a foreclosure auction on the first Tuesday of August 2011. The letters, which specifically purported to be the notice of foreclosure letter mandated by O.C.G.A. 44-14-162.2, identified JP Morgan Chase Bank, NA as the entity with full authority to negotiate, amend, and modify all terms of their mortgage.

10.

On or about August 2, 2011, JP Morgan Chase Bank NA, claims it held a non-judicial foreclosure sale of the plaintiffs' property on the Courthouse steps of the Gwinnett County Courthouse. JP Morgan executed a foreclosure deed (or Deed under Power) wherein it claims that it was the highest bidder at the foreclosure auction of the Plaintiffs' property and that it was acting as attorney in fact for the

Plaintiffs and conveyed all of Plaintiffs' interests in the property to itself, JP Morgan Chase Bank, N.A.

11.

J.P. Morgan Chase Bank N.A. conducted a wrongful, invalid and void non-judicial foreclosure on the Plaintiffs' home and real property on August of 2011 as it failed to send a notice of the foreclosure sale that complied with the requirements of O.C.G.A. 44-14-162.2 in that the notice failed to "include the name address and telephone number of the individual or entity who shall have full authority to negotiate, amend and modify all terms of the mortgage with the debtor." As such, the non-judicial foreclosure sale that took place in August of 2011 is void as a matter of law pursuant to O.C.G.A. 44-14-162(a).

12.

O.C.G.A. § 44-14-162.2(a), states:

> (a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall

be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.

13.

Because no notice of foreclosure was sent to the Plaintiffs that complied with the requirements of O.C.G.A. 44-14-162.2 the August 2011 non-judicial foreclosure sale of the Plaintiffs' property is therefore invalid under O.C.G.A. 44-14-162 which declares no sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid…*unless notice of the sale shall have been given as required by Code Section 44-14-162.2* (emphasis added).

14.

In a very recent lawsuit, You v. JP Morgan Chase, Case No.: S13Q0040 (Decided May 20, 2013), wherein the Georgia Supreme Court was asked to construe the requirements of O.C.G.A. 44-14-162.2, the Court held as follows:

> 2. In the second certified question, the district court asks whether OCGA 44-14-162.2(a) requires that the secured creditor be identified in the notice to the debtor. We need look no further than the plain language of the statute to determine whom the notice must name:
>
>> Such notice shall be in writing [and] shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor
>
> (emphasis added.) Id. If that individual or entity is the holder of the security deed, then the deed holder must be identified in the notice; if that individual or entity is the note holder, then the note holder must be identified. If that individual or entity is someone other than the deed holder or the note holder, such as an attorney or servicing agent, then that individual or entity must be identified. The statute requires no more and no less.

You at p. 15.

15.

On information and belief, J.P. Morgan Chase Bank N.A., as the Servicer of the Plaintiff's loan, did not qualified as "the individual or entity who shall have <u>full</u> authority to negotiate, amend, and modify <u>all</u> terms of the mortgage with the [Plaintiffs]."   Rather it was FNMA, presumable the owner of the Plaintiff's loan at the time of the August 2011 non-judicial foreclosure sale that had the "full authority" to negotiate, amend and modify "all terms" of the Plaintiffs' mortgage. As a Servicer J.P. Morgan Chase Bank N.A's authority, if any, to "negotiate, amend and modify" the terms of the mortgage are set forth in FNMA's servicing rules and regulations.   On information and belief the authority, if any, which J.P. Morgan Chase Bank N.A. had to negotiate, amend and modify the Plaintiffs' mortgage was not tantamount to "<u>full</u> authority to negotiate, amend and modify <u>all</u> terms" of the Plaintiff's mortgage.

16.

Pursuant to FNMA's servicing rules which set forth the authority FNMA grants to servicers on the loans it owns, such as the Plaintiffs' loan, the servicer, here J.P. Morgan Chase Bank N.A. only has limited authority to modify a mortgage such as the Plaintiffs.  It can only modify loans/mortgages for those debtors that meet certain qualification requirements and even for those persons the

servicer, such as J.P. Morgan Case Bank N.A. in this instance, can only make limited modifications. It the debtor does not meet the qualification requirements or needs a modification that does not fall within the authority granted to the servicer pursuant to FNMA's servicing rules the servicer must, in each case, get specific approval from FNMA before it can do such a modification. For example the servicing rules provide that if a modification would take the loan to value above 80% the servicer must contact FNMA to obtain specific approval before any such modification can be made. Because of limitations such as these that are contained in the FNMA Servicer rules, a Servicer of a FNMA owned loan such as was J.P. Morgan Chase Bank N.A. as concerned the Plaintiff's loan at issue, J.P. Morgan Chase Bank N.A. did not have "full authority to negotiate, amend and modify all terms of the mortgage."

17.

As such, no notice that included "the name, address and telephone number of the individual or entity with full authority to negotiate, amend and modify all terms of the mortgage with the [Plaintiffs]" as is required by O.C.G.A. 44-14-162.2 was ever sent to the Plaintiffs prior to the August 2011 non-judicial foreclosure sale of the Plaintiffs' property.

18.

Shortly after JP Morgan Chase Bank N.A. purportedly purchased the Plaintiff's property at the August 2011 non-judicial foreclosure auction it conveyed the property to FNMA via a special warranty deed and FNMA proceeded to file an action in Gwinnett County Magistrate Court seeking possession of the property even though it was not the true owner of the property as the August 2011 non-judicial foreclosure sale was invalid as a matter of law. The Magistrate Court of Gwinnett County, based upon FNMA's false representation that it is the owner of the Plaintiff's property granted FNMA a writ of possession and Plaintiffs were thereafter wrongfully evicted from the property.

19.

As a result of the Defendants' above identified actions, Plaintiffs have suffered severe emotional distress and anger and sadness and Defendants' actions forced Plaintiffs to expend time, energy and resources to deal with this foreclosure and eviction that never should have taken place.

20.

Furthermore, the Defendants' above described actions were taken in bad faith and they have acted in a stubbornly litigious manner and have caused Plaintiffs unnecessary trouble and expense such that the Defendants are liable to

the Plaintiffs for the costs and attorney's fees associated with the bringing of this action.

21.

Plaintiffs are entitled to an order from this Court declaring the non-judicial foreclosure sale void and declaring that the Deed Under Power which was recorded on the Gwinnett County Land Records is of no legal force or effect.  Plaintiffs are also entitled to an award of money damages to compensate them for all damage proximately caused by the Defendant's unlawful actions described herein as well as an award of punitive damages to punish and deter the Defendant and others from similar misconduct in the future.   Plaintiff is also entitled to an award of attorney's fees and costs incurred in bringing this action. Plaintiff seeks an award of attorney's fees and costs both as a damage that was caused by the Defendants' wrongful foreclosure (Plaintiff has been forced to spend money to hire an attorney to obtain a Court Order to reform the title to her property) and as a separate claim brought pursuant to OCGA 13-6-11.

22.

The Plaintiffs also bring this action because of Defendant FNMA's actions in proceeding with a dispossessory action wherein it was wrongfully awarded possession of the property and for evicting the Plaintiffs from the property when it

has no right to possession of the property because the non-judicial foreclosure sale which occurred is void for the reasons described herein.

## COUNT I
## WRONGFUL FORECLOSURE AS A MATTER OF LAW
## FORECLOSURE INVALID BY OPERATION OF OCGA 44-14-162

23.

The Plaintiffs incorporate by this specific reference the preceding paragraphs of this First Amended Complaint as if stated fully herein.

24.

Under Georgia law, no sale of real estate under powers contained in security deeds are valid unless the sale is advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located and unless notice of the sale is given as required by Code Section 44-14-162.2.

25.

J.P. Morgan Bank N.A. had no right to proceed with a foreclosure and non-judicial sale of the Plaintiffs' property, as proper notice of the sale was not given as required by OCGA 44-14-162.2. The letter sent to the Plaintiffs and the advertisement of the August 2011 non-judicial foreclosure sale did not comply with the requirements of OCGA 44-14-162.2.

26.

According to O.C.G.A. 44-14-162 the foreclosure sales of the Plaintiffs' property is not valid by operation of law and this Court must issue an order that declares that the deed under power (i.e. foreclosure deed) that was prepared and recorded as a result of invalid non-judicial sale of the Plaintiffs' property is VOID and which restores title as it existed just prior to the invalid foreclosure sale.

## COUNT II

## WRONGFUL FORECLOSURE AS A TORT

27.

The Plaintiffs incorporate by this specific reference the preceding paragraphs of this Complaint as if stated fully herein.

28.

In Georgia there exists a statutory duty upon a mortgagee to exercise fairly and in good faith the power of sale in a deed to secure debt. Although arising from a contractual right, breach of this duty is a tort compensable at law. Clark v. West, 196 Ga. App. 456, 395 S.E.2d 884 (1990).

29.

Because no notice meeting the requirements of OCGA 44-14-162.2 was sent to the Plaintiff, J.P. Morgan Bank N.A.'s actions in foreclosing on, and selling at a

non-judicial auction, the property of the Plaintiffs constitutes the tort of wrongful foreclosure.

30.

The Defendant J.P. Morgan Chase Bank N.A. chose to proceed with the non-judicial sale of the Plaintiffs' property even though it knew or should have known that no notice of foreclosure that meet the requirements of O.C.G.A. 44-14-162.2 had been sent to the Plaintiffs.  Its actions were willful and wanton and exercised with a complete disregard for the consequences, such that the plaintiffs are entitled to an award of punitive damages. As a direct and proximate result of these Defendants' flagrant disregard of the rights of the Plaintiffs as explained in detail above, Plaintiffs should be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1 for these Defendants' willful misconduct, malice, fraud and wantonness in an amount to be proved at trial.

## COUNT III
## LEGAL AND EQUITABLE RELIEF

31.

The Plaintiffs incorporate by this specific reference the preceding paragraphs of this First Amended Complaint as if stated fully herein.

32.

Plaintiffs, as a matter of law and equity, are entitled to an Order that declares that the foreclosure actions that J.P. Morgan Bank N.A. took that make up the

subject matter of this First Amended Complaint resulted in the wrongful foreclosure of the Plaintiffs' property and that declares that the deed under power (i.e. foreclosure deed) that was prepared and recorded as a result of the invalid non-judicial sale of the Plaintiffs' property are VOID and which restores title as it existed just prior to the invalid foreclosure sale, thus reversing said foreclosure sale and returning the parties to their respective positions and holding the respective interests in the Property as they existed prior to the foreclosure sale.

## COUNT IV

## ATTORNEY'S FEES

33.

The Plaintiffs incorporate by this specific reference, the preceding paragraphs of this First Amended Complaint as if stated fully herein.

34.

Defendants' above described actions give rise to this claim for attorneys' fees under Georgia law as Defendants have acted in bad faith and has been stubbornly litigious and have put the Plaintiffs through unnecessary trouble and expense such that the Plaintiffs are entitled to recovery of the attorney's fees and associated with bringing this action.

WHEREFORE, Plaintiffs demand a trial by jury and requests that the Court award the following relief:

a. Declare the non-judicial foreclosure sale of the Plaintiffs' property invalid and declare the foreclosure deed void and of no force or effect;

b. Declare the Plaintiffs the legal and equitable owner of the Property at issue;

c. Award actual and compensatory damages to Plaintiffs and against Defendants;

d. Award Punitive damages to Plaintiffs and against Defendants;

e. Award Attorneys' fees, litigation expenses and costs of suit to the Plaintiffs and her attorneys;

f. Award such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of June, 2013.

                                                                                                                                                                                             __*/s/ David Ates*_____

                                                                                 David C. Ates  
                                                                                 State Bar No. 026281

DAVID ATES, P.C.  
805 Peachtree Street, NE, #613  
Atlanta, Georgia 30308  
404-382-5324  
404-969-5082  
ates_david@live.com

CERTIFICATE OF SERVICE

This certifies that I have this date served a copy of this FIRST AMENDED COMPLAINT upon the following counsel of record via United States mail, sufficient postage affixed, and by the Court's electronic filing system:

Joseph D. Wargo
WARGO FRENCH LLP
999 Peachtree Street N.E.
26th Floor
Atlanta, Georgia 30309

Paul W. Painter, Jr.
ELLIS, PAINTER, RATTERREE
 & ADAMS LLP
P.O. Box 9946
Savannah, Georgia 31412

This 3rd day of JUNE, 2013.

                                      /s/ David Ates
                                      David Ates

David Ates, P.C.
805 Peachtree Street
Suite 613
Atlanta, GA 30308
(404) 382-5324
ates_david@live.com