## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHAE YI YOU AND CHUR K. BACK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:12-cv-00202-JEC-AJB |
| JP MORGAN CHASE BANK, N.A. & | ) | |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants JPMorgan Chase Bank, N.A. ("Chase") and Federal National Mortgage Association ("Fannie Mae" and collectively with Chase, "Defendants") herby move to dismiss Plaintiffs' First Amended Complaint ("Amended Complaint") in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As Plaintiffs' Amended Complaint still fails to state an actionable claim for wrongful foreclosure and, further, Plaintiffs are not entitled to the requested equitable relief, the Amended Complaint is not only substantively deficient, but procedurally barred due to Plaintiffs' admitted failure to make the

1

necessary tender.   Indeed, in direct contravention of this Court's order of September 7, 2012, Plaintiffs improperly reallege in their Amended Complaint claims for equitable relief identical to those previously dismissed by this Court. Plaintiffs' Amended Complaint fails to assert a cognizable claim for relief and, therefore, should be dismissed with prejudice pursuant to Rule 12(b)(6).

## I.    FACTUAL AND PROCEDURAL HISTORY

On or about April 29, 2003, Plaintiffs obtained a residential home loan (the "Loan") from Excel Home Loan Inc. ("Excel") in the amount of $185,800.00.  (*See* Defendants' First Motion to Dismiss, Ex. A, DE 2-2.)   In connection with the Loan, Plaintiffs executed in favor of Excel both a promissory note (the "Note") and a security deed (the "Deed"), which secured the Note with legal title to the real property located at 3840 Crescent Walk Ln, Suwanee, Georgia 30024.[1]   (*Id.*)

---

[1] A true and correct copy of the Deed is attached as Exhibit A to Defendants' Motion to Dismiss filed with the Court on January 27, 2012 ("Defendants' First Motion to Dismiss").  (DE 2.)   The Court may again take judicial notice of this document, as it is an undisputed public record and central to the claims asserted in Plaintiffs' Amended Complaint, as recognized by this Court in its order on Defendants' Motion to Dismiss.  Order dated September 7, 2012, p. 6, n. 3, DE 15; *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Hennington v. Greenpoint Mortg. Funding, Inc.*, Nos. 1:09cv676, 1:09cv962, 2009 WL 1372961, *4 (N.D. Ga. May 15, 2009).

Excel then assigned the Deed to Chase Manhattan Mortgage Corporation ("Chase Manhattan").[2]  Chase Manhattan merged into Chase Home Finance LLC,[3] which later merged with and into Chase.[4]

As a result of Plaintiffs' uncured default under the terms of the Note and Deed, Chase, as holder of the Deed, initiated non-judicial foreclosure proceedings pursuant to the power of sale contained in the Deed.  (*See* Magistrate's Report and Recommendation ("R&R"), DE 12, p. 3, n. 3; *see also* DE 2-2.)  After providing Plaintiffs with the requisite statutory notice, Chase conducted a non-judicial foreclosure sale of the Property on August 2, 2011.  (Am. Compl. ¶¶ 9-11.)  Chase was the highest bidder at the foreclosure sale, as evidenced by the deed under

---

[2] A true and correct copy of the assignment is attached as Exhibit B to Defendants' First Motion to Dismiss.  The Court may again take judicial notice of this public record.  *See* n. 1 *supra*.

[3] A true and correct copy of the Chase Manhattan Certificate of Merger is attached as Exhibit C to Defendants' First Motion to Dismiss.  The Court may again take judicial notice of this public record.  *See* n. 1 *supra*.

[4] A true and correct copy of the Chase Home Finance LLC Certificate of Merger is attached as Exhibit D to Defendants' First Motion to Dismiss.  The Court may again take judicial notice of this public record.  *See* n. 1 *supra*.

3

power recorded of public record in the land records of Gwinnet County, Georgia.[5]

Chase subsequently transferred its interests in the Property to Fannie Mae by

special warranty deed.[6]

 Plaintiffs initiated this action in the Superior Court of Gwinnett County on

November 8, 2011, asserting claims for wrongful foreclosure and wrongful

eviction and seeking a declaratory judgment voiding the deed under power.

(Compl. ¶¶ 28-38.)  Defendants filed its First Motion to Dismiss on January 27,

2012, requesting dismissal of Plaintiffs' original Complaint in its entirety.  (DE 2.)

On September 7, 2012, this Court entered an order granting Defendants' Motion to

Dismiss as to Plaintiffs' request for declaratory relief, given the lack of any tender

of payment by Plaintiffs, and all claims based on a purportedly defective chain of

title.  (Order on Defendants' First Motion to Dismiss, DE 15, pp. 5, 7-10.)  This

Court then certified to the Georgia Supreme Court the remaining issues of law

concerning the notice requirements of Section 44-14-162.2.  (*Id.* at p. 23; Order

_____

[5] A true and correct copy of the Deed Under Power is attached as Exhibit G to
Defendants' First Motion to Dismiss.  The Court may again take judicial notice of
this public record.  *See* n. 1 *supra*.

[6] A true and correct copy of the Special Warranty Deed is attached hereto as
Exhibit H.  The Court may take judicial notice of this public record.  *See* n.1 *supra*.

4

Certifying Questions to Georgia Supreme Court, DE 16.)

Following the Supreme Court's ruling on May 20, 2013—resolving the certified legal issues in Defendants' favor and holding that a deed holder may properly exercise the power of sale without any interest in the underlying debt obligation—Plaintiffs sought leave to amend their pleadings to salvage their moot legal claims.  (Opinion of Supreme Court of Georgia Regarding Order Certifying Questions of State Law, DE 21; Plaintiffs' Motion to Amend, DE 20.)  The Court granted Plaintiffs' request for leave to file the Amended Complaint on February 25, 2014.  (Order and Opinion Granting Plaintiffs' Motion for Leave to File Amended Complaint, DE 35.)

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A. Pursuant to This Court's Order on Defendants' First Motion to Dismiss, Plaintiffs' Claims for Declaratory and Equitable Relief Have Already Been Dismissed Due to Plaintiffs' Failure to Tender

Plaintiffs' Amended Complaint seeks to circumvent the law of the case by simply re-naming their declaratory relief claim (Count I in the original Complaint) as a claim for "Legal and Equitable Relief" (Count III in the Amended Complaint). As Count III seeks identical relief that this Court has already found unavailable, Count III should similarly be dismissed.

In Plaintiffs' original Complaint, they sought equitable relief in the form of

"an order declaring and decreeing:  [t]hat the foreclosure deed is void … [and] [t]hat the Plaintiffs are the legal and equitable owners of the Property."  (Compl. ¶ 31, Count I.)   In its Order on Defendants' First Motion to Dismiss, this Court accepted Magistrate Baverman's recommendation and held that "[P]laintiffs' claim for declaratory relief is not viable under Georgia law" because "Plaintiffs do not allege that they have made or tendered payment to bring the loan current."  (Order on Defendants' First Motion to Dismiss, DE 15, pp. 5-6.)  Citing the tender rule upheld by the Georgia Supreme Court in *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848 (2003), this Court ruled that "Defendants' Motion to Dismiss is thus **GRANTED** as to the claim for declaratory relief asserted in Count I of the complaint."  *Id.* at pp. 4-6 (emphasis in original) (noting that "[u]nder Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan").

This Court correctly applied Georgia's long-standing tender rule, which serves as a procedural bar to any claims for declaratory or equitable relief in connection with a foreclosure sale in the absence of a full tender of the amounts due and owing on the underlying loan.  *Bright v. Nimmo*, 756 F.2d 1513, 1517, n.3 (11th Cir. 1985) ("Plaintiffs did not make a valid tender, and they cannot obtain

6

equitable relief in the form of cancellation of the Deed."); *see also, Edward v. BAC Home Loans Servicing, L.P.*, 534 Fed. Appx. 888, 889 (11th Cir. 2013) (holding that even a written offer of tender was insufficient to satisfy the tender requirement under Georgia law); *Puissant v. Bank of America Home Loan Servicing, LLP*, 2013 WL 6383102, *6 (M.D. Ga. Dec. 5, 2013) (reviewing identical legal claims asserted by the same plaintiffs' counsel and holding "[t]he amended complaint also fails to state a claim for equitable relief because it does not allege payment or tender of the amounts due on the loan").

In a transparent effort to thwart this Court's dismissal of their declaratory relief claim, Plaintiffs now seek <u>identical</u> relief in their Amended Complaint under a different name.  (Am. Compl. ¶ 32.)  Under the revised heading of "Legal and Equitable Relief," in Count III of Plaintiffs' Amended Complaint, Plaintiffs once again seek an order from this Court "that declares that the deed under power … [is] VOID and which restores title as it existed just prior to the invalid foreclosure sale…."  *Id.*  Plaintiffs' prayer for relief also echoes their prior request for equitable relief, imploring the Court to:  "a. Declare the non-judicial foreclosure sale … invalid and declare the foreclosure deed void … [and] b.  Declare the Plaintiffs the legal and equitable owner [*sic*] of the Property at issue."  (*Id.* at p. 16.)  However, as with their original complaint, "Plaintiffs do not allege that they

7

have made or tendered payment to bring the loan current."  (Order on Defendants'
First Motion to Dismiss, DE 15, p. 5.)  Accordingly, Plaintiffs are attempting to re-
assert a claim for the identical relief that this Court has already rejected as a matter
of law.  The Court should therefore dismiss Count III of the Amended Complaint
with prejudice.

### B. Plaintiffs' Wrongful Foreclosure Claim under Count I Must Also Be Dismissed, as the Requested Relief is Likewise Unavailable to Plaintiffs Due to Their Failure to Tender

Under Count I of the Amended Complaint ("Wrongful Foreclosure as a
Matter of Law:  Foreclosure Invalid by Operation of O.C.G.A. § 44-14-162"),
Plaintiffs demand that "this Court must issue an order that declares that the deed
under power (i.e., the foreclosure deed) that was prepared and recorded as a result
of [*sic*] invalid non-judicial sale of the Plaintiffs' property is VOID and which
restores title as it existed just prior to the invalid foreclosure sale."  (Am. Compl. ¶
26 (emphasis in original).)  The relief sought under Count I of the Amended
Complaint is identical to the declaratory relief sought under Count I of the original
Complaint, which this Court previously dismissed and declared unavailable to
Plaintiffs as a matter of law.  *Compare* Compl. ¶ 31 (seeking an order voiding the
deed under power and declaring Plaintiffs legal and equitable owners of the

8

Property under Count I for declaratory judgment), *with* Am. Compl. ¶ 26 (seeking an order voiding the deed under power and "restor[ing] title as it existed just prior to the invalid foreclosure sale"); *see also*, Order on Defendants' First Motion to Dismiss, DE 15, pp. 5-6.

Accordingly, Plaintiffs' cause of action for wrongful foreclosure under Section 44-14-162 (Count I) must be dismissed alongside Plaintiffs' request for legal and equitable relief (Count III), as these counts seek only declaratory and equitable relief, which relief is unavailable as a matter of law and which request has already been rejected and dismissed by this Court.

## C. Even Under a Strict Construction of Georgia's Non-judicial Foreclosure Statute, Plaintiffs Are Still Unable to State a Violation of Section 44-14-162.2 as a Matter of Law And, Therefore, All Their Claims Must Be Dismissed

Even under the strict reading of the statutory notice requirements advanced by Plaintiffs and this Court's most recent ruling in this action[7], Plaintiffs still fail to state a violation of Section 44-14-162.2. (Am. Compl. ¶ 6.) As Plaintiffs executed

---

[7] While other district and Eleventh Circuit decisions urge a substantial compliance reading of the notice requirements of O.C.G.A. § 44-14-162.2,[7] this Court noted that "the Georgia Supreme Court was clear that the notice must identify the entity with 'full authority' to modify 'all the terms of the mortgage.'" (Order & Opinion dated February 25, 2014, DE 35, pp. 5-6, citing Opinion, DE 21, p. 15.)

a security deed – not a mortgage – Defendants could not have violated the requirement of Section 44-14-162.2 to identify the entity with full authority to modify "all terms of the mortgage" as no such security instrument is present under the instant facts and, therefore, no such requirement applies to Defendants.

In Georgia, the most prominently utilized security instruments in real property finance transactions are the deed to secure debt (also called a security deed) and the mortgage.  Pindar's Georgia Real Estate Law and Procedure, §§ 21:3-4.  As repeatedly reiterated in the same title and chapter of the Georgia Code containing Section 44-14-162.2, these security instruments are distinctly different and operate to convey markedly different interests in real property.  O.C.G.A. § 44-14-60 (clarifying that a security deed "shall be held by the courts to be an absolute conveyance . . . and shall not be held to be a mortgage"); *Loftis v. Alexander*, 139 Ga. 346, 346 (1913) ("In this state, a deed to secure a debt is not the same as a mortgage.")  A security deed conveys to the grantee actual legal title to real property, with the grantor usually retaining only a right of possession until the terms of the security deed are satisfied.  O.C.G.A. § 44-14-60 ("Whenever any person in this state conveys any real property by deed to secure any debt . . . the conveyance of real or personal property shall pass the title of the property to the grantee. . . ."); *see also, Rhodes v. Anchor Rode Condo. Homeowner's Ass'n, Inc*.,

10

270 Ga. 139, 139-40 (1998).  By contrast, a mortgage does not convey actual legal title but instead serves only as a lien on the subject real property.  O.C.G.A. § 44-14-30 ("A mortgage in this state is only security for a debt and passes no title."); *Loftis*, 139 Ga. at 346 ("[A security] deed conveys title.  A mortgage is only a lien.").[8]

Here, Plaintiffs admit to executing the Deed and further acknowledge the character of the security instrument.  (Am. Compl. ¶ 6.)  In fact, Paragraph 26 of the Deed further offers an unequivocal statement of the parties' intentions, as it reads:

---

[8] The Georgia Code is rife with examples of a keen awareness of the distinct nature of these security instruments.  The very first sentence of the non-judicial foreclosure notice statute reads:  "Notice of the initiation of proceedings to exercise a power of sale *in a mortgage, security deed, or other lien contract* shall be given to the debtor. . . ."  O.C.G.A. § 44-14-162.2.  Further, the deliberate use of these terms throughout the subject statutory title and chapter evidences that the Georgia legislature, and particularly the drafters of the subject statutory section, clearly understood, and frequently articulated, the distinction between a "mortgage, security deed, or lien contract" and "the debt secured by said mortgage, security, or lien contract."  O.C.G.A. § 44-14-162.  *See also* O.C.G.A. § 44-14-162 ("No sale of real estate under powers contained in mortgages, deeds, or other lien contracts…."); O.C.G.A. § 44-14-160 ("[H]older of a deed to secure debt or a mortgage …."); *see also,* O.C.G.A. § 44-2-2(b) ("Deeds, mortgages, and liens of all kinds…."); O.C.G.A. § 23-2-114 ("Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed….").

> 26. Security Deed. This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, **and not as a mortgage**, and is intended to secure the payment of all sums secured hereby.

(Defendants' First Motion to Dismiss, Ex. A, DE 2-2, p. 13.)

However, in their Amended Complaint, Plaintiffs allege that "it was Fannie Mae, presumable [*sic*] the owner of the Plaintiff's [*sic*] loan at the time of the August 2011 non-judicial foreclosure sale that had the 'full authority' to negotiate, amend and modify 'all terms' of the Plaintiffs' **mortgage**." (Am. Compl. ¶ 15 (emphasis added).) This purported violation of Section 44-14-162.2 is supported only by Plaintiffs' empty allegation that Chase "can only modify ***loans/mortgages*** for those debtors that meet certain qualification requirements." (*Id*. at ¶ 16.) Based on Plaintiffs' allegations, they necessarily assume that the use of the term "mortgage" in Section 44-14-162.2 refers to the Note or associated Loan. However, as detailed above, Plaintiffs' assumption is flatly unsupported by the definitions of the security instruments employed by the applicable Georgia Code title and chapter and even the express language of Section 44-14-162.2.

Additionally, even if the term "mortgage" in Section 44-14-162.2 is properly interpreted more broadly to include security deed (as admittedly some courts have

done in other circumstances[9]), Georgia laws of statutory interpretation do not permit expansion of the term "mortgage" to include the subject **promissory note**. *See* O.C.G.A. § 44-14-30 (unequivocally defining a "mortgage" as a type of **security instrument**, not a promissory note or the resulting indebtedness); *Beard*, 162 Ga. at 449 (interpreting "mortgage" to include only other security instruments).[10]   Nonetheless, even if Section 44-14-162.2 is read to include the entity with full authority to modify the terms of the security deed in this matter, Chase in fact qualifies as such entity, as it holds all beneficial interest in the Deed

---

[9] *See Merchants & Mechanics' Bank v. Beard*, 162 Ga. 446, 449 (1926) (noting distinction between mortgage and security deed, but holding that application of statute referring only to mortgages should be construed practically, "giving due effect to substance as compared to form" and extending code section to include other security instruments "though not expressly named therein").

[10] Further, the definition of the term "debtor" clarifies that its use in Section 44-14-162.2—in the phrase "all terms of the mortgage with the debtor"—refers expressly to the party granting the security instrument (or any subsequent owner of the property), not the maker under the promissory note or borrower under the subject loan, as Plaintiffs' argument presumes.   O.C.G.A. § 44-14-162.1  ("As used in Code Sections 44-14-162.2 through 44-14-162.4, the term 'debtor' means the grantor of the mortgage, security deed, or other lien contract.  In the event the property encumbered by the mortgage, security deed, or lien contract has been transferred or conveyed by the original debtor, the term 'debtor' shall mean the current owner of the property encumbered by the debt.")

executed by Plaintiffs.  (*See* Defendants' First Motion to Dismiss, Ex. A, DE 2-2.)[11]  As a security deed is a contract enforceable by the parties thereto, the parties with authority to modify the subject terms are the Plaintiffs, who executed the Deed in favor of the original grantee, and Chase, the holder of the Deed at the time of foreclosure.   Therefore, Chase is indisputably the proper party with "full authority to negotiate, amend, and modify all terms" of the Deed "with the debtor."[12]   O.C.G.A. § 44-14-162.2(a); *cf. You v. JP Morgan Chase Bank, N.A.*, Opinion of Supreme Court of Georgia Regarding Order Certifying Questions of State Law, DE 21, ("the deed holder possesses *full authority* to exercise the power of sale upon the debtor's default, regardless of its status with respect to the note") (emphasis added).

Accordingly, as Counts I, II, III, and IV are each premised entirely on an alleged violation of Section 44-14-162.2, such claims fail as a matter of law, because (1) under a strict reading of the statutory notice requirements of Section

---

[11] It is undisputed that Fannie Mae is not a party to the Deed, and Plaintiffs make no such claim; rather Plaintiffs allege only that Fannie Mae owns the Note.  (*Id.*; Am. Compl. ¶ 15.)

[12] "Debtor" is defined as "the grantor of the … security deed."  O.C.G.A. § 44-14-162.1.

44-14-162.2(a), the obligation to identify the entity with "full authority" to modify "all terms of the mortgage" arises only in cases involving the exercise of a power of sale within a mortgage (which is not the case here); or (2) under a broader reading of Section 44-14-162.2 interpreted to include other security instruments not expressly identified, Chase, as holder of the Deed, in fact possessed full authority to modify all terms of that security instrument with Plaintiffs. Plaintiffs' allegations regarding the purported authority of the Note owner are entirely immaterial. The Court should therefore dismiss all of Plaintiffs' claims.

### D. <u>Plaintiffs' Wrongful Foreclosure Claims are Further Deficient For Lack of Causation</u>

Plaintiffs allege that "[a]s a result of the Defendants' … actions, Plaintiffs have suffered severe emotional distress and anger and sadness and Defendants' actions forced Plaintiffs to expend time, energy and resources to deal with this foreclosure and eviction that never should have taken place." (Am. Compl. § 19.) However, as this Court has acknowledged, "[i]t is undisputed that plaintiffs defaulted on the loan." (Order on Defendants' First Motion to Dismiss, DE 15, p. 5.) Therefore, Plaintiffs' claims of wrongful foreclosure based on deficient notice fail because they cannot establish the essential element of causation. *See Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 286 (1994) ("With respect to causation,

15

'[t]o recover damages in a tort action, a plaintiff must prove that the defendant's [action] was both the 'cause in fact' and the 'proximate cause' of her injury.") (quoting *Atlanta Obstetrics v. Coleman*, 260 Ga. 569, 569 (1990) (emphasis added).).

Indeed, in analyzing the causation element of wrongful foreclosure claims under Georgia law, the Northern District has held that if a plaintiff's alleged damages "flow from [his] own failure to make payments," which in turn results in foreclosure, his claim for wrongful foreclosure must fail for want of causation. *Freeman v. Wells Fargo Bank, N.A.*, Case No. 1:12-CV-2854, 2013 WL 2637121 at *3 (N.D. Ga. June 11, 2013) (barring wrongful foreclosure claim due to lack of causation based on the fact that the "[p]laintiff admit[ted] that he was in default and [did] not contest [the defendant's] authority to foreclose under the Security Deed").

This principle was again confirmed in *Akin v. JPMorgan Chase Bank, N.A.* when the Northern District disposed of a borrower's claims asserted under Section 44-14-162(b) due to a failure of causation:

> Georgia law is clear that a plaintiff cannot establish causation in a wrongful foreclosure case where a borrower fails to make mortgage payments because he cannot demonstrate that his alleged injury in foreclosure was caused by the lender's acts or omissions. . . . In an

16

> attempt to avoid this clear law, Plaintiff argues that the foreclosure
> sale never would have taken place had Defendant properly recorded
> the Assignment.  This argument is without merit.  Plaintiff ceased
> making mortgage payments.  This is what caused the foreclosure.

*Akin v. JPMorgan Chase Bank, N.A.*, Case No. 1:11-CV-4144, Order on Motion
for Summary Judgment, DE 59 at pp. 10-11 (N.D. Ga. Nov. 4, 2013).

Here, it is undisputed that Plaintiffs defaulted under the terms of the Note
and Deed by failing to make Loan payments.  (Magistrate's R&R, DE 12, p. 3, n.
3; Order on Defendants' First Motion to Dismiss, DE 15, p. 5.)  Further, Plaintiffs
admit, and public record confirms, that Plaintiff You filed for bankruptcy twice—
on August 3, 2010 and again on January 3, 2011—prior to both the non-judicial
foreclosure sale and the initiation of non-judicial foreclosure proceedings.  (Compl.
¶ 11; Am. Compl. ¶ 8; Magistrate's R&R, DE 12, p. 3, n. 3.)  Consequently,
following Plaintiffs' uncured and persistent default, Chase served the statutory
foreclosure notices in June 2011.  (Am. Compl. ¶ 9.)  Despite receipt of the notices
alerting Plaintiffs of the accelerated indebtedness due under the Loan and the
impending sale date of August 2, 2011 (Am. Compl. ¶ 9), Plaintiffs still failed to
tender the amounts due under the Loan or appear and bid at the non-judicial
foreclosure sale.  (Order on Defendants' First Motion to Dismiss, DE 15, pp. 5-6.)
Nonetheless, Plaintiffs allege that they "have suffered severe emotional distress

and anger and sadness," not because of their own admitted default, but because Chase allegedly did not have "full authority" to modify all terms of the mortgage.

Furthermore, Section 44-14-162.2—the same statutory section Plaintiffs allege Chase violated by having only "limited authority" to modify "all terms of the mortgage"—expressly absolves Chase of any obligation to in fact modify any "mortgage instrument." O.C.G.A. § 44-14-162. ("Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.") Therefore, because Chase was under no duty to actually modify the subject security instrument, its purported failure to do so (or to have the "full authority" to do so) could not have been the legal cause of Plaintiffs' alleged damages.

Critically lacking from Plaintiffs' Amended Complaint is any allegation that Plaintiffs even attempted to contact either Chase or Fannie Mae about modifying their Loan. In that regard, Plaintiffs here are in a worse position than the *Freeman* plaintiff, whose complaint was dismissed for insufficiently pleading causation.

> The Court is also not persuaded by Plaintiff's argument that he could have or would have sought a loan modification if the proper entity had been identified on the foreclosure notice. [The servicer] was under no obligation to modify Plaintiff's loan, and Plaintiff has given no indication that he had reason to believe a modification would have been granted. Furthermore, entering into modification negotiations would not have excused Plaintiff from making payments under the terms of

the Note and Security Deed.

*Freeman*, 2013 WL 2637121 at *4.  *See Jenkins v. Bank of America*, N.A., 1:12-cv-00387, Order on Defendants' Motion for Judgment on the Pleadings, DE 30 (N.D. Ga. Nov. 14, 2013), p. 12 ("Plaintiff can show nothing other than speculation about what might have happened differently had she contacted Fannie Mae about the foreclosure proceedings in place.").  Because Plaintiffs' Amended Complaint here is entirely silent about any efforts to seek a loan modification, this Court, like the courts in *Freeman* and *Jenkins*, should dismiss the complaint for lack of causation.

### E. Plaintiffs Fail to State Any Actionable Claims And, Therefore, Their Claim for Attorneys' Fees Must Be Dismissed

Finally, Plaintiffs' claim for attorneys' fees fails along with their substantive claims for relief.  Plaintiffs summarily conclude that they are entitled to attorneys' fees because "Defendants have acted in bad faith and has [*sic*] been stubbornly litigious and have put the Plaintiffs through unnecessary trouble and expense." (Am. Compl. ¶ 39.)  Plaintiffs, however, are entitled to no such award, as they fail to state any underlying claim for relief.  *See Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (1996) ("A prerequisite to any award of attorney fees under O.C.G.A. § 13-6-11 is the award of damages or other relief on the underlying claim.");

19

*Puissant*, 2013 WL 6383102, at \*6 ("Because the amended complaint fails to state a claim for equitable relief or wrongful foreclosure, the claims for punitive damages and attorneys' fees are also subject to dismissal."). Therefore, because all of Plaintiffs' causes of action fail to state any viable claims, Plaintiffs' derivative claim for attorneys' fees necessarily fails as a matter of law.

### III.   CONCLUSION

For the reasons articulated herein, Defendants respectfully request that this Court dismiss Plaintiffs' Amended Complaint in its entirety pursuant to Rule 12(b)(6).

Respectfully submitted this 14th day of March, 2014.

**WARGO FRENCH, LLP**

*/s/ Teah N. Glenn*
SHANON J. MCGINNIS
Georgia Bar No. 387598
TEAH N. GLENN
Georgia Bar No. 430412
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
(404) 853-1500 (Telephone)

*Counsel for Defendants*
*JPMorgan Chase Bank, N.A. and*

*Federal National Mortgage
Association*

## <u>RULE 7.1(D) CERTIFICATE</u>

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 14th day of March, 2014.

*/s/ Teah N. Glenn*
TEAH N. GLENN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CHAE YI YOU AND CHUR K. BACK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:12-cv-00202-JEC-AJB |
| JP MORGAN CHASE BANK, N.A. & | ) | |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day filed a true copy of the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** in the United States District Court for the Northern District of Georgia and have served a true copy of same upon Plaintiffs, through their counsel, by United States mail, postage prepaid, addressed as follows:

David C. Ates
David Ates, P.C.
805 Peachtree Street, NE, #613
Atlanta, GA 30308

This 14th day of March, 2014.

/s/ Teah N. Glenn
TEAH N. GLENN